EX PARTE, E. B. McDANIEL.

Opinion Filed July 11, 1923.

1. In all except capital cases where the proof is evident or the presumption great, the admission to bail is a right which the accused can claim before conviction and which no court or judge can properly deny.

2. If one who is duly charged with a crime is denied the right to bail when the offense charged is not a capital offense, or when the charge is of capital offense and the proof is not evident or the presumption is not great of the guilt of the accused of the capital offense charged, such denial of the right to bail is a deprivation of liberty without due process of law in violation of the Constitution as well as a denial of the organic right to bail in all cases except for capital offenses where the proof is evident or the presumptpion great.

3. The use of the writ of habeas corpus to speedily determine whether a person charged with an offense is entitled to bail before trial and conviction, is authorized by law so as to render effective the rights to bail and to liberty as provided by the Constitution.

4. Even if there are circumstances under which the right to bail if otherwise bailable cases may be forfeited, this is not a case in which the facts warrant resort to that principle.

5. The term "conviction," after which the allowance of bail rests in the judicial discretion of the trial court, comprehends an adjudication of guilt by the Court and not merely a verdict of a jury.

This case was decided by Division B.

A case of original jurisdiction.

Bail allowed.

*H. H. Wells* and *John M. Calhoun,* for Petitioner;

*Rivers Buford,* Attorney General, and *Paul Carter,* for Respondent.

WEST, J.—Upon application of petitioner a writ of habeas corpus, addressed to the Sheriff of Jackson County,

Florida, directing him to produce the body of petitioner before this Court, was issued by Division B of the Court. For return the sheriff certified that he held the petitioner in his custody in the county jail of Jackson County under a capias, copy of which is attached to and made a part of the return. From this copy it appears that the petitioner is held to answer an indictment found by a grand jury of Jackson County, charging him with an assault with intent to commit murder.

The petition alleges that petitioner upon trial was convicted of assault with intent to commit murder in the second degree; that he thereupon filed a motion for new trial, but that the hearing of this motion has been continued and had not, at the time of the application for the writ, been passed upon, but was then still pending and undisposed of; that because of a misunderstanding of petitioner as to whether this case would be considered at the first day of the term to which it was continued, he was not present when his name was called and his bond was estreated, but that he did appear during the term and the order of estreature was thereupon vacated, but that he nevertheless was committed to jail and was not allowed to give bond for his appearance; that the judge of the court, because of ill health, has gone away to a health resort for treatment for an indefinite stay.

The motion is for bail pending disposition of the case by the Circuit Court.

By certified copy of minutes of proceedings in the trial court, it is shown that previous to the trial petitioner had twice defaulted and failed to appear on the day the case was set for trial upon the charge resting against him, in accordance with the conditions of appearance bonds made and filed in the case by him, and such bonds had, because of such failures to appear, been estreated by the court.

Conceding the offense to be bailable under ordinary circumstances, bail is resisted by the State on the ground that because of his previous failures to appear, as required by bonds entered into by him, petitioner has, so it is contended, forfeited his right to be released under bond pending further consideration in his case. This is the only question in the case.

By the Constitution of the State it is ordained that "all persons shall be bailable by sufficient sureties, except for capital offenses where the proof is evident or the presumption great." (Sec. 9, Declaration of Rights.) The Constitution also provides that the courts of the State shall be open so that a remedy may be afforded by due process of law to every person for any injury done him in his lands, goods, person or reputation, and that right and justice shall be administered without sale, denial or delay (Sec. 4, Declaration of Rights), and that no person shall be deprived of life, liberty or property without due process of law (Sec. 12, Declaration of Rights).

This court has said that "under our Constitution all persons are bailable by sufficient sureties as matter of absolute right, except for capital offenses where the proof is evident or the presumption great. Rigdon v. State, 41 Fla. 308, 26 South. Rep. 711. The Supreme Court of California, where there is a similar Constitutional provision, in the case of people v. Tinder, 19 Cal. 539, 81 Am. Dec. 77, speaking through Mr. Justice Field, said: "The admission to bail in capital cases, where the proof is evident or the presumption is great, may be made a matter of discretion, and may be forbidden by legislation, but in no other cases. In all other cases, the admission to bail is a right which the accused can claim, and which no judge or court can properly refuse."

If the person who is duly charged with a crime is denied

the right to bail when the offense charged is not a capital offense, or when the charge is of a capital offense and the proof is not evident or the presumption is not great of the guilt of the accused of the capital offense charged, such denial of the right to bail is a deprivation of liberty without due process of law in violation of the Constitution as well as a denial of the organic right to bail in all cases except the capital offenses where the proof is evident or the presumption great; and upon complaint duly made it is the duty of the courts by due procedure and without needless delay to determine whether the right to personal liberty is denied without due process of law or whether the organic right to bail is unlawfully denied, and to afford appropriate relief in due course of law. The use of the writ of habeas corpus to speedily determine whether a person charged with an offense is entitled to bail before trial and conviction, is authorized by law so as to render effective the rights to bail and to liberty as provided by the Constitution.

It may be that there are circumstances under which the right to bail in otherwise bailable causes would be forfeited by breach of prior bonds (6 C. J. Sec. 180, p. 962; Lee's Case, No. 8, 180, 15 Fed. Cas. p. 136, 22 Leg. Int. 284, 6 Phila. 96). But this is not a case in which the facts warrant a resort to this principle. There may have been grounds for punishment for contempt, but there was no such conduct upon the part of petitioner in the way of flagrant disregard of the court's authority or effort to evade its processes as to forfeit his constitutional right to bail during a recess of several weeks or for an indefinite period of the trial court.

The State relies on the doctrine that after conviction allowance of bail rests in the judicial discretion of the trial court and takes the position that in this case this discretion

has been exercised and bail refused.   3 R. C. L. p. 15; 6 C. J. p. 965.   The term "conviction" as employed in this connection, seems to comprehend an adjudication of guilt by the court and not simply a verdict of a jury.   The distinction is recognized by this court.   State *ex rel.* Owens v. Barnes, 24 Fla. 153, 4 South. Rep. 560; Daughtry v. State, 46 Fla. 109, 35 South. Rep. 397, 110 Am. St. Rep. 84.   In this case the court had not, at the time petitioner was committed to jail, adjudged him guilty.   It may be that upon consideration of this motion the verdict will be set aside and a new trial awarded, in which case he would not be convicted, in the sense that he had been adjudged guilty of the charge.   The doctrine, therefore, which the State invokes is not applicable under the facts of the case. Nothing contained in this opinion should be construed as curtailing the power of trial courts to employ such means within constitutional' limitations as may be deemed reasonably necessary and proper to secure the presence and attendance upon the court of persons charged with criminal offenses to the end that the proceedings may be facilitated and business dispatched without delay or as may be appropriate to preserve the authority and dignity of the court.   We only say that upon the showing made in this case petitioner's right to bail has not, in the judgment of this court, been forfeited and that he is entitled to bail.

Petitioner will be allowed bail in the sum of $5,000.00 with good and sufficient surety with the usual conditions, to be approved by the Sheriff of Jackson County.

It is ordered.

WHITFIELD AND TERRELL, J. J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.