Ex Parte C. D. HATCHER.

Opinion Filed October 19, 1923.

1. By statutes authorizing it (Rev. Gen. Stats. §§5938, 6070) writs and process of county courts necessary or proper to the exercise of their criminal jurisdiction are of full force and effect throughout the State.

2. In all except capital cases where the proof is evident or the presumption great, the admission to bail is a right which one accused of crime can claim before conviction, and which no court or judge can properly deny.

3. Under the Constitution of Florida (§9, Declaration of Rights) all persons are bailable by sufficient sureties as matter of absolute right, except for capital offense where the proof is evident or the presumption great.

4. It is the duty of judges of county courts to enter upon capiases issued on informations filed in such courts where arrests have not been made, the amount of the appearance bond to be taken and approved in such cases.

5. The constitutional right to bail of one accused of crime and against whom an information has been filed in a county court entitles him to bail where arrested when taken into custody by a sheriff within the State of Florida in another county from that in which the information is filed, under a capias issued upon such information, when the court is not in session and such a period of time intervenes between the arrest and return day of the capias as to render it unnecessary that the accused be taken at once to the court from which the capias issued for hearing or trial upon the information.

6. The use of the writ of habeas corpus to speedily determine whether a person charged with an offense is entitled to bail before trial and conviction is authorized by law, so as to render effective the rights to bail and to liberty as provided by the Constitution.

This case was decided by Division B.

A acse of original jurisdiction.

Bail allowed.

*Fred H. Davis*, for Petitioner.

*Rivers Buford,* Attorney General, and *M. C. McIntosh,* Assistant, for *Respondent.*

WEST, J.—Upon application a writ of habeas corpus was issued by a member of this court addressed to the sheriff of Leon County, Florida, directing him to forthwith produce the body of petitioner before the justices of Division B of this court.

The petition alleges in substance that petitioner is being held in custody by the sheriff of Leon County under a capias issued out of the county court of Manatee County Florida; that he is a resident of Leon County; that he is not guilty of the charge contained in said capias; that not wishing or intending to avoid trial on the charge in due course, he has requested the said sheriff to take him before a proper magistrate of Leon County so that he may be admitted to bail; that said sheriff has refused to grant this request, but contends that he should hold petitioner for the sheriff of Manatee County in order that he may be conveyed to Manatee County and there admitted to bail, if at all; that although the same is required by law, the capias upon which petitioner was arrested and upon which he is now being held has no amount of bond endorsed thereon; that since petitioner was arrested a telegram has been received from the sheriff of Manatee County, and petitioner believes the major portion of the amount demanded in said telegram in settlement of said charge is fees for mileage which the sheriff of Manatee County expects to receive for traveling from Manatee County to Leon County and conveying petitioner back to Manatee County; that petitioner is ready and able and willing to make appearance bond in any reasonable amount returnable to said county court of Manatee County at the time stated in said capias and has requested the

sheriff of Leon County, who holds him in custody, to per-
mit him to make such bond, but said sheriff refuses to do
so and refuses to take him before a committing magistrate
of Leon County for the purpose of admitting him to bail;
and that by reason of the premises petitioner is being un-
lawfully restrained of his liberty.

The capias and telegram referred to are attached to the
petition as exhibits "A" and "B" and made a part there-
of.  They are as follows:

EXHIBIT A

"The State of Florida

To All and Singular the Sheriffs of the State of Florida,
Greeting:

"You are hereby commanded to take C. D. Hatcher, if
he be found in your County, and him safely keep so that
you have his body before the Judge of our County Court
for the County of Manatee, State of Florida, at the Court
House in Bradentown, County and State aforesaid, on the
12th day of Nov. A. D. 1923, to answer unto the State of
Florida on an information filed against him in our said
County Court by the Prosecuting Attorney for the County
of Manatee, State aforesaid; for passing a worthless check
to Scott & Edwards for the sum of $8.00.  And have you
then and there this writ.

"Witness Robt. H. Roesch, Clerk of our said Court and
the seal of our said court at the Clerk's office at Braden-
town, aforesaid this 27th day of Sept. A. D. 1923.

   " (Signed)              Robt. H. Roesch, County  Clerk.
                      "By ———————————, Deputy.
(Court Seal)

   Wallace Tervin, County Prosecuting  Attorney."
   Endorsed on Back.

   "In County Court.   Manatee County, State of Florida.
The State of Florida vs. C. D. Hatcher.  Capias.  To Nov.

Term, 1923. Filed —— day of ————, 192—. County Clerk. By ————, Deputy Clerk. Wallace Tervin, County Prosecuting Attorney.''

EXHIBIT B

''Bradentown, Fla., 218 P. Sep. 28 N 1923.

''F. Stoutamire,

Sheriff, Tallahassee, Fla.

You may settle with C. D. Hatcher on payment by him for us one hundred seven dollars and fifty-eight cents, collect your own costs in addition. Will come for him if not paid at once. Wire me.

''L. G. Wingate, Sheriff Manatee County.''

For return to the writ the sheriff who holds the petitioner in custody shows that he ''arrested and detained and imprisoned said C. D. Hatcher under and by virtue of that certain capias issued out of and under the seal of the County Court of Manatee County, Florida, the original writ being hereto attached and referred to as a part of this return, and I further return and certify that when I arrested the said C. D. Hatcher in Leon County, Florida, under and by virtue of said capias that said C. D. Hatcher requested me to take him before a magistrate to allow him to make bail, or that I accept bail for him returnable to the County Court of Manatee County, Florida, on the date of the return of said capias, but that finding no amount of bail endorsed on said capias, and being of the opinion that under said capias I had no authority to allow the said C. D. Hatcher to make bail in Leon County, Florida, that I refused the request of the said C. D. Hatcher to release him on bond or to take him before a magistrate to make a bond or to have a bond fixed, and that I continued to hold said C. D. Hatcher in custody without bail awaiting the arrival of the sheriff or some officer from Manatee County, Florida, to return him to

said county where he could there make bail or have his case disposed of according to law, the said C. D. Hatcher in the meantime remaining in my custody under said capias without bail.''

There is a motion to discharge defendant on reasonable bail to be fixed by the court, conditioned as provided by law for the appearance of petitioner before the county court of Manatee County on the return day of the capias on which he was arrested and is being held.

· By statute authorizing it, writs and `process of county courts, except when otherwise provided by law, run and are of full force and effect throughout the state.    Secs. 5938, 6070, Rev. Gen. Stats.  So that the capias being in form sufficient and apparently regular, petitioner's arrest by the respondent sheriff of Leon County was not unauthorized.

It appearing that the offense charged is bailable, the point presented is whether petitioner should be permitted to furnish bail at the point in the state where he is taken into custody or should first be returned to the county where the alleged crime was committed and there allowed bail.

The right to bail of one accused of crime by sufficient sureties except for capital offenses where the proof is evident or the presumption great, is absolute.  No judge or court to whom application is duly made, can properly refuse it.   The accused is presumed to be innocent of the crime charged.   He should not be needlessly incarcerated or held.   Sec. 9 Declaration of Rights; Ex Parte McDaniel, 86 Fla. 145, 97 South. Rep. 317.  It is made the duty of judges of circuit courts, before the adjournment of any term of the court, to enter upon the back of all capiases issued by the clerks of said courts, where there has been no arrest, the amount of the bond to be taken and ap-

proved in cases where bail is allowed. Sec. 5959, Rev. Gen. Stat. Another section of the statutes imposes upon judges of criminal courts of record the duty to enter upon the back of all capiases issued by the clerks of said courts, where there has been no arrest made, the amount of the bond to be taken and approved. Sec. 5968, Rev. Gen. Stat. Authority is also given by statute to file informations with the clerks of county courts and criminal courts of record in vacation. And upon information so filed the clerk is required to docket the case and issue all necessary process. Sec. 5977, Rev. Gen. Stat. No statute in express terms requires judges of county courts to enter upon capiases issued by the clerks of said courts, where there has been no arrest made, the amount of bond to be taken and approved. But the rules of pleading and practice relative to indictments are expressly made applicable to informations. Sec.. 6061 Rev. Gen. Stat. The practice, therefore, of entering upon capiases issued on indictments the amount of bond to be taken and approved in bailable cases, where there has been no arrest, is applicable to informations filed in county courts. These statutes were enacted to make effective the constitutional right to bail of one accused of crime. They recognize the right and provide the machinery for promptly fixing the amount of bail required in bailable cases, to the end that one charged with the commission of a criminal offense may not, before conviction, be unduly held in custody and deprived of his liberty. The accused should not be denied this right because the judicial officer charged under the Statute with that duty has omitted to enter upon the capias the amount of bond required. The use of the writ of habeas corpus to speedily determine whether a person charged with an offense is entitled to bail before trial and conviction is well

established.   Ex Parte McDaniel, supra; Ex Parte Eagan, 18 Fla. 194.

In this case the capias was addressed to all and singular the sheriffs of the State of Florida, and commanded them to take the petitioner into custody and have him before the judge of the county court of the County of Manatee, at the courthouse in Bradentown, on the 12th day of November, 1923.   He was arrested in Leon County prior to the 29 day of September, 1923, the day upon which the petition for writ of habeas corpus was presented.   Under the circumstances, he was entitled to bail by sufficient sureties upon being taken into custody.

The petitioner will therefore be discharged upon his entering into bond in the sum of $500 with two good and sufficient sureties to be approved by the sheriff of Leon County, conditioned upon his appearance before the county court for the county of Manatee, at the courthouse in Bradentown, at 9 o'clock A. M. on the 12 day of November, A. D. 1923, there to be and remain from day to day and term to term until formally discharged by the county court of Manatee County or by due course of law.

So Ordered.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.