**STAFFORD ALLISON v. L. R. BAKER, as Sheriff of Palm Beach County, Florida.**

11 So. (2nd) 578                                    June Term, 1942
January 5, 1943                                     Division B

*E. M. Baynes,* for appellant.

*J. Tom Watson,* Attorney General, and *Woodrow M. Melvin,* Assistant Attorney General, for appellee.

CHAPMAN, J.:

On July 27, 1942, Stafford Allison presented his petition for a writ of habeas corpus to the Honorable Harry N. Sandler, then an acting judge of the Circuit Court of Palm Beach County, Florida. The petitioner alleged that he was being unlawfully deprived of his liberties by the Sheriff of Palm Beach County under an indictment then pending against him charging the crime of murder in the first degree; that the petitioner was innocent of the charge, and his unlawful

detention consisted largely of a denial of the right to bail because the proof against him was not evident, nor the presumption great. The petition was sworn to and the sufficiency of material allegations of the petition was not made an issue · by the parties or considered in the lower court.

The lower court entered an order denying the petition, and the reasons for so doing were that the petitioner, on July 27, 1942, was being confined in the State Prison at Raiford, Florida, under a judgment and sentence for a period of fifteen years and had only served one year of the fifteen year sentence when the petition for the writ was presented in the lower court; and if the court should issue the writ and a hearing be given and an appearance bond allowed, the petitioner could not be discharged from custody because of the sentence on a different charge then being served by the petitioner, and the hearing would be fruitless and no lawful purpose served. An appeal from the order was perfected here.

The writ of habeas corpus is a high prerogative writ of ancient origin designed to obtain immediate relief from unlawful imprisonment without sufficient legal reasons. Essentially, it is a writ of inquiry and is issued to test the reasons or grounds of restraint and detention. The writ is venerated by all free and liberty loving people and recognized as a fundamental guaranty and protection of their right of liberty. Section 5 of Article V of the Florida Constitution confers on each Justice of the Supreme Court of Florida the power to issue the writ to any part of the State of Florida and can make the same returnable before himself or the Supreme Court, or before any circuit judge. Section 11 of Article V of the Florida Constitution grants circuit courts the power to issue and hear habeas corpus writs. Sections 79.01 to 79.12, Florida Statutes 1941, prescribe proceedings in habeas corpus.

It is not contended that the petitioner's imprisonment in the State Prison at Raiford under the fifteen year sentence is unlawful, but that the denial of the writ under the conditions and circumstances set out in the aforesaid order deprives him of a right vouchsafed to him by the State and Federal Constitutions. Counsel cites as authority for his

contention Section 9 of the Declaration of Rights of the Florida Constitution; Ex parte McDaniel, 86 Fla. 145, 97 So. 317; Ex parte Hatcher, 86 Fla. 330, 98 So. 72; Bennett v. State, 96 Fla. 237, 118 So. 18; State ex rel. Price v. Stone, 128 Fla. 637, 175 So. 229.

The answer, in part, to the contention *supra*, is the case of State ex rel. Hamilton v. Mayo, 123 Fla. 491, 167 So. 34, and the authorities cited therein for the conclusion reached. While it is true that the petitioner was being detained as alleged in the petition for the writ, nevertheless the cause or reason for the detention or restraint was two-fold: (1) the commitment under which the petitioner was held and serving his fifteen year sentence; and (2) the indictment charging murder in the first degree. The judgment and sentence for fifteen years in the State Prison certainly, under our decisions, could not be collaterally assailed, and if the murder charge was quashed or nolle prosequi entered, then the petitioner would be held under the first judgment and sentence. We therefore reach the same conclusion as did the circuit judge when entering the order denying the writ, to the effect that the issuance of the writ of habeas corpus and the hearing thereon, would be a futile and fruitless act, because the petitioner was not unlawfully detained and deprived of his fundamental rights. See McNally v. Hill, Warden, 293 U. S. 131. 79 L. Ed. 238.

The judgment of the lower court is hereby affirmed.

BROWN, C. J., TERRELL, and THOMAS, JJ., concur.