HOBSON, Justice.
Our examination of the petition for writ of habeas corpus in this case, respondent’s return and petitioner’s answer to the same, led us to the conclusion that the petitioner’s contentions required the taking of testimony. Pursuant to this belief, we appointed the Honorable Volie A. Williams, Circuit Judge in and for the Ninth Judicial Circuit, as Commissioner of this court to take testimony on the issues and report his findings of fact and conclusions of law thereon together with his recommendations with all convenient speed.
In compliance with this order, the Commissioner conducted hearings on August 6, 1959, and December 17, 1959, at which times the petitioner was afforded the opportunity to proffer testimony supporting the allegations of his petition for writ of habeas corpus. At the conclusion of the hearings the Commissioner prepared and submitted his report.
The Commissioner’s report indicates that there was expert testimony, of two qualified and experienced psychiatrists who had examined the petitioner, to the effect that the petitioner had suffered a severe head injury which resulted in a subsequent mastoid operation so large as to require the insertion of a metal plate in petitioner’s skull. There was also testimony to the effect that the petitioner may not have been “in contact” with reality upon various occasions subsequent to this operation.
The Commissioner, after alluding to this expert testimony, found, in substance, the petitioner was not legally competent at the time of his trial to enter the plea of guilty upon which his judgment of conviction and sentence were predicated. However, the Commissioner found the petitioner to be mentally competent at the time of the December, 1959, hearing.
Based on these findings it was the Commissioner’s recommendation that:
“The Petitioner should be immediately released from custody; that the judgment and sentence should be set aside; that he should be allowed to change his plea from that of guilty to that of not guilty, and that a reasonable bond should be set to insure his appearance' at the Spring Term of the Circuit Court of Brevard County.”
The Commissioner also certified the petitioner insolvent within the meaning of § 31.06, Florida Statutes, F.S.A.
Pursuant to these findings and recommendations, this court, on December 18, 1959, authorized Judge'Volie A. Williams, Jr., tc release the petitioner on bond, pending final disposition of this habeas corpus proceeding.
For reasons adequately set forth by the Commissioner in his report, we hereby set *478 aside the judgment and sentence herein involved. The petitioner is hereby remanded to the custody of the sheriff of Brevard County to await an early trial at the Spring Term of the Circuit Court in said county, unless he be sooner released on an appearance bond, the amount of such bond to be fixed by the Circuit Judge having jurisdiction of this case. In view of the disclosures in this case it is felt that this cause should receive priority on the criminal trial docket and be promptly disposed of.
In view of the fact the petitioner has proved to the satisfaction of the Court’s Commissioner that he does not have the property or means sufficient to pay the cost of this proceeding, it is our duty, under § 31.06, Florida Statutes, F.S.A., to order such costs paid by the county in which said proceeding was had.
It is so ordered.
TERRELL, Acting C. J., and DREW, THORNAL and O’CONNELL, JJ., concur.