PER CURIAM.
By his petition for writ of habeas corpus, Denton alleged denial of his request for court-appointed counsel to represent him at his trial which resulted in a verdict of guilt with an ensuing sentence of six months to five years in the State prison. According prima facie verity to the allegations of the petition we required a return. The denials of the return produced a factual issue on the allegations of the need for court-appointed counsel, the request therefor and the denial thereof. We appointed Honorable Jack F. White, then a circuit judge, now a Judge of the Court of Appeal, Second District, as a commissioner to hear and report the testimony, together with his findings. The commissioner found from the evidence submitted, as well as from the original record, that there was no indication that the petitioner as defendant in the criminal proceeding had ever requested legal representation and had been refused. He further found that regardless of this fact, the petitioner had been accorded a fair trial and that as a matter of fact he ably conducted his own defense and under established precedents was not entitled to the appointment of counsel by the trial judge as a matter of due process. This was not a capital case.
*735 We have examined the transcript of the original trial, as well as the transcript of the proceeding before the commissioner. We concur in the findings and conclusions reached by the commissioner and his report is approved.
Finding now that the petition is without merit, the petitioner is remanded to the custody of the respondent. Cash v. Culver, Fla.1960, 120 So.2d 590; Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595; Butler v. Culver, Fla.1959, 111 So.2d 35.
This record establishes to the satisfaction of the Court and its commissioner that the petitioner does not have the property or means sufficient to pay the cost of this proceeding. It is our duty under Section 31.06, Florida Statutes, F.S.A., to order such costs paid by the county in which the proceeding was had.
It is so ordered.
ROBERTS, C. J., and TERRELL, DREW, THORNAL and O’CONNELL, JJ., concur.