320 So.2d 451 (1975)
Patrick Leigh ANDRESS, Petitioner,
v.
Melvin C. COLEMAN, As Sheriff of Orange County, Florida, Respondent.
No. 75-916.
District Court of Appeal of Florida, Fourth District.
July 3, 1975.
*452 James M. Russ, Law Offices of James M. Russ, Orlando, for petitioner.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, for respondent.
OWEN, Judge.
By original petition for writ of habeas corpus we are called upon to resolve an apparent conflict between Rule 3.550 R.Cr. P. and Fla. Const. art. I, § 14 (1968).
An information was filed in the Circuit Court of Orange County, Florida charging petitioner with the third degree felony offense of possession of marijuana in excess of five grams. Following his arrest he was released on bail in the amount of $2,500. In due course the case was tried before a jury. A verdict of guilty as charged was rendered and recorded. The trial judge withheld adjudication of guilt but under the authority of Rule 3.550 R. Cr.P.[1] ordered petitioner to be taken into respondent's custody forthwith.
While thus incarcerated petitioner filed with this court his application for writ of habeas corpus alleging essentially the above matters. Perceiving that the petition set forth a prima facie case in view of Fla. Const. art. I, § 14 (1968)[2] and the case of Ex Parte McDaniel[3] we issued a rule to show cause. Respondent's return to the rule did not deny any of the material allegations of the petition, but in essence asserted that petitioner was in custody under the provisions of Rule 3.550 R.Cr.P. and that the Florida Supreme Court's adoption of this rule constituted an implicit ruling on its constitutional validity. Petitioner's reply correctly notes that the rule is taken verbatim from former Fla. Stat. § 919.20 (1967), which was originally enacted as Ch. 19554, § 235, Laws of Fla. (1939). We therefore reject the respondent's argument that the Supreme Court's adoption of the Rules of Criminal Procedure constituted a ruling per se on the constitutionality of Rule 3.550 R.Cr.P.
When read literally and construed strictly, Rule 3.550 R.Cr.P. does conflict with Fla. Const. art. I, § 14 (1968). However, the rule can be saved by construing it to mean, in conformity with the constitutional *453 provision and Rule 3.130(a) R.Cr.P.,[4] that it deals with a situation where adjudication has also taken place, so that the "pre-adjudication bail" guaranteed by Fla. Const. art. I, § 14 (1968) effectively comes to an end and the "limited appeal bail" authorized by law[5] becomes applicable.
We specifically hold that until such time as petitioner has been adjudicated guilty his right to be released on bail continues after verdict in all respects the same as before verdict. Since petitioner's right to bail was denied solely because of the jury verdict of guilty, and for no other reason, it follows that petitioner was unlawfully deprived of his liberty when taken into custody by respondent. The petition is granted, but inasmuch as petitioner is now at liberty under a temporary order of this court, the writ is unnecessary. The temporary order will remain in effect until such time as the judgment and decision of this court becomes final.
It is our opinion that this decision passes upon the following question of great public interest:
"Where a person has been charged with a crime as to which he is entitled to bail as a matter of right under Fla. Const. art. I, § 14 (1968), does his entitlement to bail as a matter of right continue between return of a verdict of guilty and the entry of a judgment of guilty?"
Upon timely request of either party to this cause, it is our intention to so certify to the Supreme Court of Florida.
WALDEN, C.J., and DOWNEY, J., concur.
NOTES
[1] "Rule 3.550. Disposition of Defendant.

"If a verdict of guilty is rendered the defendant shall, if in custody, be remanded; if he is at large on bail he may be taken into custody and committed to the proper official, or remain at liberty on the same or additional bail as the court may direct."
[2] "SECTION 14. Bail.  Until adjudged guilty, every person charged with a crime or violation of municipal or county ordinance shall be entitled to release on reasonable bail with sufficient surety unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great."
[3] 86 Fla. 145, 97 So. 317 (1923).
[4] "Rule 3.130. Pre-Trial Release.

"(a) Offenses Less Than Capital. All persons in custody for the commission of an offense unless it is a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great shall be entitled as of right to be admitted to bail before conviction. After conviction bail may be granted in the discretion of either the trial or appellate court."
An accused in a criminal matter is not "convicted" until formally adjudged guilty by the trial court. Ex Parte McDaniel, supra; Timmons v. State, 97 Fla. 23, 119 So. 393 (1929).
[5] See, Rule 3.691 R.Cr.P., Rule 6.15 F.A.R., and Younghans v. State, 90 So.2d 308 (Fla. 1956).