QUESTIONS: 1. Is the clerk of a circuit court entitled to a filing fee in a civil action on a petition for writ of habeas corpus? 2. Is the clerk of a circuit court entitled to a recording fee for recording a certificate of title in a foreclosure civil action in the official records book?
SUMMARY: The clerk of the circuit court is authorized and required to charge the statutorily prescribed filing fees or service charges in habeas corpus proceedings, with payment due for such services at the time of filing as usual in a civil action or proceeding, unless the person filing such proceeding is properly qualified under s. 57.081, F. S., as an insolvent and poverty-stricken person, in which case the clerk's services are furnished without cost to such insolvent person, or unless the proceeding falls under s. 57.091, F. S., in which case the county initially bears such costs but is reimbursed therefor by the state. As s. 45.031, F. S., providing for an alternative method of judicial sale of real or personal property under order of the court and at the court's discretion does not authorize or require the clerk to charge and collect a recording fee for recordation of a certificate of title filed by the clerk in such alternative proceeding pursuant thereto, no filing or recording fees may lawfully be charged under s. 45.031. Your first question is answered in the affirmative, and the second question in the negative. AS TO QUESTION 1: Section 13, Art. I, State Const., provides that the writ of habeas corpus "shall be granted of right, freely and without cost." The writ is recognized as a fundamental guaranty and protection of peoples' right of liberty. Allison v. Baker, 11 So.2d 578 (Fla. 1943). As a general rule, a habeas corpus proceeding is an independent action, legal and civil in nature, designed to secure prompt determination as to the legality of restraint in some form. Crane v. Hayes, 253 So.2d 435
(Fla. 1971). The proceeding is civil rather than criminal in nature, even though in behalf of one charged with or convicted of a crime. Lee v. Buchanan, 191 So.2d 33 (Fla. 1966). Generally, costs may be allowed in habeas corpus proceedings as authorized by statute, and where the statutes relating specifically to the habeas corpus contain no provision as to taxation of costs, the authority to award costs may be found in the general statutes. 30 C.J.S. Habeas Corpus s. 106a; for applicable Florida Statutes governing the assessment of costs in civil actions see ss. 57.011,57.021, 57.041, 57.071, 79.02, and 79.08, F. S.; and cf. ss.57.081 and 57.091, F. S. In Beasley v. Cahoon, 147 So. 288 (Fla. 1933), the Florida Supreme Court construed substantially the same language in s. 7, Art. I, State Const. 1885, as is now found in s. 13, Art. I, State Const. 1968, to allow the taxation of costs of the ministerial officers of the court in a judgment duly entered by a circuit court in a habeas corpus proceeding. The court stated that such writs were "grantable" only by certain courts and judges, that those courts did not assess costs for granting the writ, and that the ministerial officers were entitled to their costs in habeas proceedings. Beasley, supra, at p. 295. The court further held that the judgment in that habeas corpus proceeding was a final judgment and that costs in such cases were provided for by s. 5441 (3577) Compiled General Laws (1927), from which present s. 79.08, F. S., is derived. Beasley, supra, at p. 295. In AGO 045-294 (Biennial Report of the Attorney General, 1945- 1946, p. 108) the question of liability for clerk's costs incurred in connection with a proceeding in habeas corpus to determine custody of a minor child was presented. The Attorney General therein stated: "The proceeding in question being in the nature of a private suit, the usual procedure followed in other civil suits regarding liability for costs is applicable." The opinion stated in conclusion that clerk's costs in such cases should be paid initially by the party seeking the writ and that the court could award costs in such proceedings as in other civil cases. Although, generally, the fees or compensation for services rendered by the officers of the court are properly included in the costs of habeas corpus proceedings, 39 C.J.S. Habeas Corpus s. 106c, the county is not liable for such costs in the absence of a statute fastening such liability on the county. Ibid., s. 106b. Former s. 31.05, F. S., provided for a fee of $1 for court commissioners for issuing a writ of habeas corpus, and former s. 31.06, F. S., provided that costs in habeas corpus proceedings were to be paid by the party applying for the writ in case he should not be discharged from the imprisonment complained of; but if the movant proved to the satisfaction of the court commissioner that he was without the resources sufficient to pay such costs, the county in which the proceedings were held would become liable therefor. Denton v. Cockran, 131 So.2d 734 (Fla. 1961); Hyatt v. Mayo, 117 So.2d 476
(Fla. 1960). If the movant was discharged, such costs were required to be paid by the county. Sections 31.01-31.06, F. S. 1971, were repealed by Ch. 72-404, Laws of Florida, an act relating to the judiciary and enacted to implement revised Art. V of the Constitution, adopted at a special election on March 14, 1972, effective January 1, 1973. Presently, s. 57.091, F. S., provides, inter alia, that all lawful costs adjudged against and paid by the county in habeas corpus cases testing the legality of imprisonment of inmates at the Raiford Prison Farm shall be refunded to the county from the General Revenue Fund of the State Treasury. Section 79.08, F. S., further addresses the matter of habeas corpus costs proceedings testing the legality of imprisonment, providing that the judge before whom the prisoner is brought may award costs in his favor, or against him, or none to either party as is just or right. However, s. 79.08 cannot be said to fasten upon a county liability for the payment of such costs as the judge, justice, or court might tax thereunder. At common law, counties were not liable for such costs; their liability for costs depends solely on statutes, County of Dade v. Sansom,226 So.2d 278 (3 D.C.A. Fla., 1969), and s. 79.08 does not by its terms fasten such liability on the county. Only in conjunction with, and by the terms of, s. 57.091 can s. 79.08 serve to fasten liability for such payment of costs upon the county, and under s. 57.091, the county is reimbursed by the state. Otherwise the county is not liable for such costs. It should be noted at this time that s.79.01, F. S., requires the issuance of the writ regardless of whether the movant is charged with a criminal offense and that, under s. 79.02, F. S., the court may require the posting of a bond with surety conditioned for the payment of charges and costs or, if the petitioner is unable to give such bond, the court may permit him or her to make such deposit in such amount as the court may determine or require. Section 57.081, F. S., requires, inter alia, that the clerk and the sheriff provide their services without charge to an insolvent and poverty-stricken person who has an actionable claim or demand and who has properly applied for and received the required certificate of insolvency thereunder. Cf. AGO 076-94 as to costs of publication in certain actions. Thus, statutory authority must exist in order for such costs to be charged and taxed, and if no such authority is found either in the statutes relating directly to habeas corpus proceedings or in the general statutes, costs may not be charged or taxed. 39 C.J.S. s. 106 Habeas Corpus; and see ss. 57.011, 57.021, 57.031, 57.041, and57.071, F. S.; cf. ss. 57.081, 57.091, and 79.08, F. S. Section28.241, F. S., provides, inter alia, that the party instituting "any civil action, suit, or proceeding in the Circuit Court" must pay to the clerk certain specified service charges. This language, "any civil action, suit, or proceeding," is sufficiently inclusive to embrace habeas corpus proceedings, which, as noted earlier in this opinion, are civil actions or proceedings. Thus, s. 28.241 is sufficient authority for, indeed requires, the clerk to charge for his services in such proceedings in the manner usually followed in civil proceedings. See AGO 045-294, supra. In such proceedings the movant must pay the statutorily prescribed service charge or fee at the time of filing, unless movant is properly qualified as an insolvent and poverty-stricken person under s. 57.081, supra. Thus, the clerk is authorized and required to charge the statutorily prescribed filing fees or service charges in a habeas corpus proceeding with payment for such services due at the time of filing as usual in a civil suit or proceeding, unless the movant is properly qualified under s. 57.081 as insolvent and poverty stricken, in which case the clerk's services are without cost to the movant, or the proceeding falls under s. 57.091, F. S., in which case the county initially bears such costs but is reimbursed therefor by the state. Additionally, the clerk may issue execution as provided in s. 79.08, supra, for costs and charges awarded thereunder. AS TO QUESTION 2: Section 45.031, F. S., provides an alternative method of judicial sale of real or personal property to be utilized at the discretion of the court, under its order. Section 45.031(1) provides, inter alia, that the clerk "shall receive a fee of $15 for his services in making and certifying the sale" with said fee to be assessed as costs. The statute requires the clerk to file a certificate of title and record the same. Section 45.031(3) and (5), F. S. When the certificate of title is so filed, the sale stands confirmed, and title to the property passes to the purchaser at such judicial sale without the necessity of further proceedings or instruments. Section 45.031(4). However, no fee is prescribed by s. 45.031 for the clerk's services in recording such certificate of title as directed and required by the statute, nor does it provide that the fee prescribed in s. 28.24(16), F. S., for recording various instruments be made applicable thereto. Cf. s. 28.29, F. S., providing that the certified copy of a judgment, required under s.55.10, F. S., to be recorded in order to become a lien on real property, shall be recorded only when presented for recording with the statutorily prescribed service charge. Thus, the operative effect of s. 45.031(5), supra, is to require the clerk to record the certificate of title in the official records in the same manner as final judgments or other orders on the written direction of the court are recorded under s. 28.29, supra, but no charge is statutorily prescribed therefor by s. 45.031, supra. Cf. s.28.223(5), F. S., which provides that the recording of any instrument required or permitted to be recorded in the official records under that statute in a pending probate or administration proceeding "shall be included in the fees prescribed in s.28.2401." The recorded certificate of title should be indexed in the manner provided by s. 24.222(2), F. S. Therefore, in consideration of the above, I am of the opinion that as s. 45.031, F. S., which provides for an alternative method of judicial sale of real or personal property under the order of the court and at the court's discretion, does not authorize or require the clerk to charge and collect a recording fee for recordation of the certificate of title filed by the clerk in such proceeding pursuant thereto, no filing or recording fee may lawfully be made thereunder.