KEHOE, Judge.
Petitioner, defendant below, brings this supplemental petition for a writ of habeas corpus seeking her immediate release from the custody of respondents. For the reasons set forth below, the petition for writ of habeas corpus is treated as a petition for common law writ of certiorari and denied.
This supplemental petition for writ of habeas corpus involves the same parties and the same subject matter as was previously before this court in Powers v. Schwartz, Case No. 78-636 (Fla. 3d DCA, order filed March 31, 1978) [hereinafter referred to as original petition for writ of habeas corpus]. As a result of the original petition for writ of habeas corpus, we entered an order dated March 31,1978, for the respondents to show cause, before the Honorable Alan R. Schwartz, Circuit Judge, Eleventh Judicial Circuit of Florida, why the relief sought should not be granted. As a result of this order, a show cause hearing was held before Judge Schwartz on April 7, 1978. At the conclusion of this hearing, Judge Schwartz entered an order denying the original petition for writ of habeas corpus. Petitioner concedes that the instant supplemental petition for writ of habeas corpus contains no new or additional facts not found in the original petition for writ of habeas corpus.
*765 We have carefully reviewed both the petitioner’s original petition for writ of ha-beas corpus and the instant supplemental petition for writ of habeas corpus. Our review leads us to the conclusion that petitioner’s original petition for writ of habeas corpus and her supplemental petition for writ of habeas corpus are substantially identical. Based upon this conclusion we hold that the defense of res adjudicata is established by the record in regard to the instant supplemental petition for writ of habeas corpus and Section 79.10, Florida Statutes (1977), enjoins this second or successive application for habeas corpus. Scaldeferri v. Sandstrom, 285 So.2d 409 (Fla.1973); and State v. Kelly, 88 So.2d 118 (Fla.1956).
However, pursuant to the Florida Rules of Appellate Procedure, we can and do choose to treat petitioner’s supplemental petition for writ of habeas corpus as a petition for common law writ of certiorari.
The salient facts as alleged in the supplemental petition may be summarized as follows: On March 30, 1978, petitioner filed her original petition for writ of habeas corpus with this court. Thereafter, on March 31,1978, we entered an order to show cause, to be heard before Judge Schwartz, as to why petitioner should not be released from the custody of respondents. On April 7, 1978, the hearing was held at which time petitioner argued the law as set forth in State v. Roberts, 331 So.2d 394 (Fla. 2d DCA 1976), and Andress v. Coleman, 320 So.2d 451 (Fla. 4th DCA 1975). Petitioner argued, basically, that because she had been granted pre-conviction release, pursuant to an order entered by Judge Norman C. Ro-ettger, United States District Court, Southern District of Florida, such release continued to apply after a jury finding of guilt, but prior to the actual adjudication of her guilt and conviction. Petitioner argued that, pursuant to Andress v. Coleman and State v. Roberts, cited above, she was entitled to be released pending “conviction” until she is adjudicated or sentenced. As a result of this hearing, Judge Schwartz entered an order denying the original petition for writ of habeas corpus.
The relevant portions of this order provided as follows:
“THIS CAUSE is before the Court for the State to show cause why the Defendant should not be released pending sentencing and is heard at the direction of the Third District Court of Appeal. The Court, being fully advised in the premises, finds that:
“1. The Defendant was not entitled to bond before the trial in this cause in that it was stipulated that the proof of guilt was evident and the presumption of guilt was great. This Court so held pursuant to Article I, Section 14 of the Florida Constitution, and that decision was affirmed by the Third District Court of Appeal and the Supreme Court of Florida.
“2. Although this Court is aware that Judge Norman C. Roettger, United States District Court, Southern District of Florida, granted pre-trial release, this does not change Florida law as it is made and interpreted by the Courts of the State of Florida. Furthermore, this Court is aware that subsequent to trial Judge Roettger denied the Defendant’s Petition for Writ of Habeas Corpus finding that he would not apply the same pretrial standards for release because the presumption of innocence is gone and the prior equal protection analysis is thus inapplicable.
“3. The decisions in Andress v. Coleman, 320 So.2d 451 (Fla. 4th DCA 1975) and State ex rel. Lickert v. Roberts, 331 So.2d 394 (Fla. 2d DCA 1976) are readily distinguishable and therefore not applicable to the situation in this cause in that those cases involved offenses which were bondable before trial as a matter of right.”
As set forth in Judge Schwartz’s order, petitioner stipulated that the proof of her guilt was evident and the presumption of her guilt was great for the life felonies with which she was charged. Under these circumstances, it is our opinion that the order correctly reflects the applica *766 ble law of Florida[1] and that, based upon all the facts in this case, petitioner was not entitled to release on bond. Accordingly, we hold that Judge Schwartz did not depart from the essential requirements of the law in entering the order appealed denying petitioner’s petition for writ of habeas corpus.[2] Therefore, the common law writ of certio-rari is denied.
Denied.

. Article 1, Section 14, Florida Constitution, provides as follows:
“Until adjudged guilty, every person charged with a crime .... shall be entitled to release - on reasonable bail with sufficient surety unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great.”
See also Fla.R.Crim.P. 3.130.

. We note that the constitutionality of Article 1, Section 14, Florida Constitution, was not at issue before either Judge Schwartz or this court.