**Thomas Edward GALLAGHER, Petitioner,**

v.

**Robert BUTTERWORTH, as Sheriff of Broward County, Florida, Respondent.**

**No. 79–6702–Civ–JAG.**

United States District Court, S. D. Florida.

Feb. 21, 1980.

Andrew P. Mavrides, Fort Lauderdale, Fla., for petitioner.

Max Rudmann, Asst. Atty. Gen., West Palm Beach, Fla., for respondent.

## ORDER

GONZALEZ, District Judge.

THIS CAUSE came before the court on Thomas Edward Gallagher's Amended Petition for Writ of Habeas Corpus brought pursuant to 28 United States Code § 2241.

Petitioner is confined in the Broward County Jail charged with delivery of cocaine, and of cannabis in excess of 100 pounds. A bond hearing was previously held by one of the judges of the Seventeenth Judicial Circuit of Florida following which bond was denied. Claiming a constitutional right to bail, Gallagher filed a Petition for Writ of Habeas Corpus in the Florida Fourth District Court of Appeals which petition was denied. Gallagher then filed the instant petition before this Court.

Petitioner claims he is being unlawfully detained in violation of his constitutional rights. He asserts inter alia that he is entitled to bail as a matter of right pursuant to Florida Rules of Criminal Procedure 3.130(a), and Art. I, § 14 of the Florida Constitution.

In response to this court's order to show cause why the writ should not issue, respondent explained that in May, 1978 petitioner failed to appear for trial as ordered on the aforementioned drug charges. His $15,-000.00 bond was thereupon estreated. Petitioner was also charged with one count of arson. Trial on that charge was set for July 5, 1978, and again petitioner allegedly failed to appear. The state court further found that petitioner left the state of Florida with his family and moved to Ohio to avoid prosecution; that he did not inform the trial court of his whereabouts for over a year; and that he did not return to Florida until preparations for extradition were commenced. The state court additionally found that petitioner has no close ties in Broward County, or south Florida, and feared that Petitioner would not appear for trial if readmitted to bail. Accordingly, the court denied bond.

This court has carefully reviewed petitioner's claim of entitlement to bail. The crimes with which petitioner is charged are not capital offenses, nor are they punishable by life imprisonment. In other words, they are bailable offenses pursuant to Article I, § 14 of the Florida Constitution which provides as follows:

"Until adjudged guilty, every person charged with a crime or violation of municipal or county ordinance shall be entitled to release on reasonable bail with sufficient surety unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great."

The language of the constitution is absolute. The trial court is *not* granted discretion in determining whether a person charged with a crime other than a capital offense or one punishable by life imprisonment shall be released on reasonable bail with sufficient surety. There are no exceptions to the constitutional guarantee. See *Matera v. Buchanan*, 192 So.2d 18 (3 DCA Fla. 1966), and *Varholy v. Sweat*, 153 Fla. 571, 15 So.2d 267 (1943). Furthermore,

Rule 3.130 of the Florida Rules of Criminal Procedure states that persons accused of bailable crimes "shall be entitled as of right to be admitted to bail before conviction."

 This court is not unmindful of the predicament confronting the state trial court in circumstances where there is great concern that the defendant may not appear for trial. Nevertheless, the fact that petitioner has previously defaulted on bond does not justify a denial of bail. In *Ex parte McDaniel*, 86 Fla. 145, 97 So. 317 (1923) petitioner twice defaulted by failing to appear at trial and his bail was forfeited. It was held that this did not justify denying further bail. The Florida Supreme Court stated that although there might be grounds to hold petitioner in contempt for not appearing for trial, the petitioner had not forfeited his constitutional right to bail. See also *Bail-Forfeiture of Prior Bail*, 29 A.L.R.2d 945. The fact that a person has previously forfeited bail is a factor to be considered, of course, in determining the amount of reasonable bail that will assure the defendant's presence at trial.

 The Federal Constitution does not establish an absolute right to bail prior to conviction. As for those offenses, however, for which the state has guaranteed bail, the state may not thereafter "engage in such administration as arbitrarily or discriminatorily to effect denial or deprivation of the right to a particular accused." *Mastrian v. Hedman*, 326 F.2d 708, 711 (8th Cir. 1964).

Adhering to the principle of comity, the federal courts are reluctant to involve themselves in the penal processes of the states. A federal court is most reluctant to displace a state court decision with one of its own, and to be overturned the state court decision must be beyond the range within which rational persons could differ.

The Florida Courts are bound to follow the mandates of the Florida Constitution. There should be no disagreement, therefore, as to whether bond should be granted in the present case. Petitioner must not be treated differently than any other person classified by the constitution as one entitled to pre-trial bond.

The foregoing considered, it is hereupon ORDERED AND ADJUDGED as follows:

1. That the Petition for Writ of Habeas Corpus be and the same is hereby GRANTED.

2. That this cause is remanded to the Circuit Court for the Seventeenth Judicial Circuit of Florida with directions that that court hold a bond hearing within seven days of the date of this order establishing reasonable bail for petitioner pending trial of his case(s).

3. This court shall retain jurisdiction of the parties and the subject matter for the purpose of entering such further orders as may be appropriate.