386 So.2d 613 (1980)
Helen Sapp HANCOCK, Petitioner,
v.
STATE of Florida, Respondent.
No. 80-777.
District Court of Appeal of Florida, Fifth District.
August 6, 1980.
J. Russell Hornsby, Orlando, for petitioner.
No appearance for respondent.

WRIT OF HABEAS CORPUS
FRANK D. UPCHURCH, Judge.
Petitioner, Helen Sapp Hancock, seeks writ of habeas corpus, or in the alternative, *614 moves this court to set bail pending completion of the pre-sentence investigation and appeal.
The state was directed to show cause why the petition should not be granted. The state, instead, moved to dismiss alleging that the state was not a proper party because petitioner was not in its custody but was in the custody of Rollin W. Zimmerman, Sheriff of Brevard County, Florida.
As a general rule, the person holding custody and in a position to produce the petitioner, physically, is the proper person to be named respondent in a habeas corpus action. Lantz v. State ex rel. Edes, 293 So.2d 118 (Fla. 3d DCA 1974); Clark v. State, 122 So.2d 807 (Fla. 3d DCA 1960). In Woods v. Cochran, 131 So.2d 5 (Fla. 1961), the petition improperly designated a circuit judge as respondent. The petition was treated as though the proper respondent, the director of corrections, was named. The court stated:
[B]ecause of the fundamental nature of the rights involved in a petition for writ of habeas corpus this court will treat the petition as though it had properly named as respondent the person having custody of the petitioner.
This principle is applicable here and the petition will be treated as though Rollin W. Zimmerman, Sheriff of Brevard County had been properly named.
Petitioner posted bond resulting in her release after her arrest. After trial and a guilty verdict, the court ordered a pre-sentence investigation and remanded her to the custody of the sheriff. There has been no adjudication of guilt and judgment has not been entered. Petitioner asserts that she has no prior criminal record. The trial court denied petitioner's motion for bond pending pre-sentence investigation.
Article I, section 14 of the Florida Constitution, provides that until adjudged guilty, all persons charged with a crime are entitled to release on reasonable bail unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great.[1] Therefore, the right to bail prior to trial of one accused of a non-capital crime is absolute. Taylor v. State, 388 So.2d 576 (Fla. 5th DCA July 16, 1980); Matera v. Buchanan, 192 So.2d 18 (Fla. 3d DCA 1966).
This constitutional right to bail may be forfeited where a defendant's conduct evinces a flagrant disregard of the court's authority or effort to evade its processes. See Ex Parte McDaniel, 86 Fla. 145, 97 So. 317 (1923). The use of the writ of habeas corpus to speedily determine whether an accused is entitled to bail before trial and conviction is proper to effectuate the right to bail provided in the constitution. McDaniel.
The constitution clearly states that the right to bail applies only prior to adjudication of guilt. Wells v. Wainwright, 260 So.2d 196 (Fla. 1972). Until one has been adjudicated guilty, however, his right to be released on bail continues even after verdict, in all respects as before verdict. Andress v. Coleman, 320 So.2d 451 (Fla. 4th DCA 1975). Where one is denied bail solely because of a jury verdict of guilty, he is unlawfully deprived of his liberty when taken into custody. Id. In Andress, defendant was released on bail prior to trial and was subsequently found guilty following a jury trial. The trial judge withheld adjudication of guilt but ordered defendant be taken into custody under the authority of Rule 3.550, Florida Rules of Criminal Procedure, which provides:
If a verdict of guilty is rendered the defendant shall, if in custody, be remanded; if he is at large on bail he may be taken into custody and committed to the proper official, or remain at liberty on the same or additional bail as the court may direct.
*615 The Andress court held that while the rule might be read as conflicting with article I, section 14, Florida Constitution, it could be saved by construing it to apply to situations where adjudication has also taken place, so that "pre-adjudication bail" is actually guaranteed by the constitution. See also State ex rel. Lickert v. Roberts, 331 So.2d 394 (Fla. 2d DCA 1976) (treat petitioner's status for purposes of bail as pre-conviction until adjudication of guilt). After adjudication, bail becomes discretionary with the court, though guidelines exist circumscribing this discretion. See Younghans v. State, 90 So.2d 308 (Fla. 1956).
Therefore, writ of habeas corpus is issued and Rollin W. Zimmerman, Sheriff of Brevard County, is directed to deliver Helen Sapp Hancock, petitioner herein, before Circuit Judge Roger F. Dykes, or his alternate, Eighteenth Judicial Circuit, to set reasonable bail pending sentencing.
DAUKSCH, C.J., concurs.
NOTES
[1] See also Rule 3.130(a), Florida Rules of Criminal Procedure:

All persons in custody for the commission of an offense unless it is a capital offense . . shall be entitled as of right to be admitted to bail before conviction. After conviction, bail may be granted in the discretion of either the trial or appellate court.