COWART, Judge.
A jury found the petitioner guilty of a criminal offense. The trial judge withheld adjudication of guilt, ordered a presen-tence investigation and released petitioner on bond on the express condition that petitioner reside with his father. The petitioner failed to abide by this condition, the trial judge revoked bail and petitioner was confined under a bench warrant. Petitioner seeks a writ of habeas corpus, citing Andress v. Coleman, 320 So.2d 451 (Fla. 4th DCA), cert. dismissed, 320 So.2d 393 (Fla.1975), which holds that Florida Rule of Criminal Procedure, 3.550, which implies that an accused can be confined without bond after a verdict of guilty, must yield to Article I, Section 14, Florida Constitution, which guarantees that until adjudged guilty every person shall be entitled to release on reasonable bail.[1] The word “reasonable” is not restricted to the monetary amount of the bail bond but may also relate to the sufficiency of the surety and to the conditions of the bond. Carter v. Carson, 370 So.2d 1241 (Fla. 1st DCA 1979). Even in determining which form of release will reasonably assure appearance before a finding of guilt the trial judge is required to take into account the defendant’s family ties. Fla.R.Crim.P. 3.130(b)(4)(iii). Under the circumstances of this case we cannot hold, as a matter of law, that this condition of release on bail is unreasonable. Accordingly, the petition for writ of habeas corpus is
DENIED.
DAUKSCH, C. J., and COBB, J., concur.

. The petitioner’s right to release on bail before conviction is not affected by the breach of the conditions of an earlier release unless the trial judge determines that the petitioner’s conduct in that instance evinces a flagrant disregard of the court’s authority or an effort to evade its processes so as to justify a forfeiture of his bail rights. See Ex parte McDaniel, 86 Fla. 145, 97 So. 317 (1923); Hancock v. State, 386 So.2d 613 (Fla. 5th DCA 1980).