402 So.2d 525 (1981)
Terry Edward GARDNER, Petitioner,
v.
Ernest P. "Kayo" MURPHY, Sheriff, Osceola County, Florida, Respondent.
No. 81-720.
District Court of Appeal of Florida, Fifth District.
August 18, 1981.
Joseph W. Durocher, Public Defender, and Clyde E. Wolfe, Asst. Public Defender, Kissimmee, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Jon B. Morgan, Asst. State's Atty., Kissimmee, for respondent.
COBB, Judge.
Petitioner Gardner is charged with escape in violation of section 944.40, Florida Statutes (1979). Following a denial of his motion to set bail,[1] he brought this habeas corpus proceeding, alleging, among other things, that he is being held in violation of Article I, Section 14 of the Florida Constitution.
Article I, Section 14 provides:

*526 Until adjudged guilty, every person charged with a crime or violation of municipal or county ordinance shall be entitled to release on reasonable bail with sufficient surety unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great.
In its order denying bail, the trial court noted that Gardner's "PSI"[2] indicated two incidents of escape and a third incident of fleeing and attempting to elude a police officer. The court further noted that the pending charge is for escape. Upon the authority of Hancock v. State, 386 So.2d 613 (Fla. 5th DCA 1980), the trial court concluded that Gardner's past conduct was sufficient to forfeit his constitutional right to release on bail.
We agree with the trial judge that Hancock and the later cases of Middleton v. Polk, 399 So.2d 1105 (Fla. 5th DCA 1981), and Johnson v. Pellicer, 388 So.2d 571 (Fla. 5th DCA 1980), indicate there are situations where Florida's constitutional right to be released on bail can be forfeited upon conduct that "evinces a flagrant disregard of the court's authority or effort to evade its processes."[3] However, while it is constitutionally permissible to revoke for cause a reasonable bail already granted and to then deny subsequent applications, Middleton, 399 So.2d at 1106, Article I, Section 14 requires that every person accused of a less-than-capital or -life offense be granted reasonable bail in the first instance. To the extent they read otherwise, we recede from Middleton, Johnson and Hancock.
Our conclusion is supported by State v. Arthur, 390 So.2d 717 (Fla. 1980), where the court stated:
Under [Article I, Section 14 of the Florida Constitution], if the proof is evident or the presumption great that a person accused of a capital offense or an offense punishable by life imprisonment is guilty of the offense charged, then the accused is not entitled to release on reasonable bail as a matter of right. All other classes of accused persons are entitled to release on reasonable bail until adjudged guilty. [Emphasis added].
Our constitution's language is clear and unequivocal: except when charged with a capital or life offense, every person is entitled to release on reasonable bail until adjudged guilty.[4] The constitution, however, grants reasonable, not unbridled, release. Should a defendant violate a reasonable condition to bail, bail can be revoked. Middleton. Having been provided reasonable bail only to violate a condition thereof, a defendant cannot claim he has been deprived of his constitutional right to bail should the trial court reasonably deny subsequent applications for bail.
In light of Gardner's track record, which indicates he is a proven runner, there would seem no better case for the outright denial of bail. But our constitution excludes neither convicted nor accused escapees from the right to initial release on bail.[5] These factors, of course, may well influence the trial judge in his determination as to the amount of the reasonable bail. Since Gardner has never been granted bail in this *527 cause, he is being held in violation of Article I, Section 14. Gardner's petition for writ of habeas corpus is therefore granted, and this case remanded to the trial court to either promptly set reasonable bail or to discharge Gardner.
GRANTED and REMANDED.
DAUKSCH, C.J., and COWART, J., concur.
NOTES
[1] In the motion, Gardner alleged that while waiting in Texas to be brought back to Florida, he completed the sentence he was serving at the time of his alleged escape from the Kissimmee Community Correctional Center.
[2] Apparently a prior pre-sentence investigation report that is not in the record before this court.
[3] See also Ex Parte McDaniel, 86 Fla. 145, 97 So. 317 (1923).
[4] Article I, Section 9, of the Constitution of 1885, from which current Article I, Section 14, is derived, provided:

All persons shall be bailable by sufficient sureties, except for capital offenses where the proof is evident or the presumption great.
This provision was interpreted by our Supreme Court as being absolute: every defendant was entitled to bail, except where charged with a capital offense and the proof was evident or the presumption great:
The right to bail of one accused of crime by sufficient sureties except for capital offenses where the proof is evident or the presumption great is absolute. No judge or court to whom application is made can properly refuse it. The accused is presumed innocent of the crime charged.
Ex Parte Hatcher, 86 Fla. 330, 98 So. 72 (1923).
[5] But see Gallager v. Butterworth, 484 F. Supp. 1278 (S.D.Fla. 1980).