DAUKSCH, Chief Judge,
dissenting:
I respectfully dissent. In my opinion the Williams v. State, 324 So.2d 74 (Fla. 1975), case should be extended to include a case such as this where appellant’s counsel made a mistake by filing the notice of appeal too early. In this type of ease we should rule the notice of appeal laid in limbo, just like in Williams, until the judgment was rendered, since we can assume one would be rendered.
This is not to say the rule would extend any further back; that is, one cannot file a notice of appeal before the verdict, which almost inevitably results in either an ap-pealable judgment or an appealable order of probation. It is so rare as to be nearly never that a trial judge enters a judgment of not guilty on a verdict of guilty so that any inconvenience which may result from a notice of appeal being improvidently, as opposed to untimely, filed is almost nil.
By the way, it is clear why the notice of appeal was filed early because the appellant *557 was ordered to jail after the verdict and he wanted out. He could only get out by posting a bond on appeal and he could not do that until he filed his notice of appeal. Of course the judge was required to release him on his trial bail as the case of Andress v. Coleman, 320 So.2d 451 (Fla. 4th DCA), cert. dismissed 320 So.2d 393 (1975), dictates but evidently counsel and the judge were unaware of that rule. Until adjudication an accused is entitled to remain free on his bail, assuming he does not violate a proper bail condition. Andress.
Although I am pleased the majority has certified the question to the Supreme Court in order to allow a review of what I consider a ruling inconsistent with the spirit of the Williams decision I also do not think the majority’s ruling would violate the warning so strongly made in Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), regarding appellate courts invading the function of the Supreme Court. The decision in this case merely interprets and refuses to extend the Williams ruling. That is a lot different than deciding contributory negligence is no longer a lawful defense in Florida in face of Supreme Court rulings to the opposite. I suggest it is one of our basic functions to interpret, and by that extend in proper situtations, cases decided by our Supreme Court. To certify the question in this case is to transfer our duty in this regard.