PER CURIAM.
After an abbreviated hearing, the trial court concluded that the defendant had procured the absence of the crime victim, his wife, from the jurisdiction so that she could not be served with a witness subpoena. Such conduct would, of course, constitute the crime of tampering with a witness, see § 914.22, Fla.Stat. (1995), and would violate the conditions of pretrial release. See id.; § 903.047(1). See also Fla. Const. Art. I, § 14, 2d sentence (“If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.”) (as amended effective January 1, 1983) (emphasis added); Ex Parte McDaniel, 86 Fla. 145, 97 So. 317, 318 (1923).
The state concedes, however, that the present record is insufficient to support the determination to take the defendant into custody. Accordingly, we quash the revocation and remand for an immediate hearing consistent with this opinion.
Habeas corpus granted, bond revocation quashed, cause remanded.