364 So.2d 1262 (1978)
STATE of Florida, ex rel. Michael James Schieres, Appellant,
v.
Ralph W. NIMMONS, Jr., Circuit Judge, Division T., Fourth Judicial Circuit of Florida, Appellee.
No. LL-148.
District Court of Appeal of Florida, First District.
December 7, 1978.
Louis O. Frost, Jr., Public Defender, and William P. White, III, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
PER CURIAM.
This cause is before us on petition for writ of mandamus and response thereto. On consideration of the petition, response, reply and the transcript of the proceedings and record before us, the order to show cause is discharged for the reasons stated by the learned trial court in his response, in pertinent part as follows:
"On September 6, 1978, Petitioner tendered a plea of guilty to a charge of second degree murder and Respondent commenced an inquiry as to the voluntariness of said plea, although he had not yet made an inquiry into the factual basis for the plea .. .
The inquiry of Petitioner was interrupted by Assistant State Attorney, R. Baker King, who advised (sic) the Court that the plea was not acceptable to the State and that the case against Petitioner was scheduled to be taken before the Grand Jury on September 14, 1978. After a brief recess, he further advised Respondent that through inadvertence in the State Attorney's Office, he was not aware that the case was on that day's calendar and that it was intended that arraignment would be heard on the 18th of September, 1978, following the grand jury proceeding. He further informed Respondent that the relator had been advised by the New York authorities, after *1263 Petitioner had been arrested in that State, that Petitioner could not be held without bond on the New York charges and that due to the exigencies of the circumstances he directed that an information for murder in the second degree be filed so the New York authorities could hold Petitioner pending extradition to Florida.
Respondent continued the proceedings and `... deferred ruling on whether to accept the plea of guilty tendered on behalf of the ... [Petitioner]... until Monday, September 18th ...' ... On the same day Petitioner filed a Motion for Expedited Order of Acceptance of Defendant's Plea of Guilty to Murder in the Second Degree ... requesting Respondent to accept the plea that was theretofore tendered and to prohibit the Office of the State Attorney from presenting evidence to the grand jury. Respondent entered his Order of September 6, 1978, for the reasons stated therein, to-wit: that the plea of guilty tendered by counsel for Petitioner was `. .. a tactical maneauver (sic) designed to forestall the possibility of the Grand Jury's returning an indictment for murder in the first degree ...' . .. Respondent was aware of Reyes v. Kelley, 224 So.2d 303 (Fla. 1969), and found it not applicable to the instant case.
On September 14, 1978, the Grand Jury returned an indictment against Petitioner and one Marianne Diehl for murder in the first degree ... and the State nol prossed the information ... and a not guilty plea was entered upon arraignment of the indictment .. . on September 18, 1978.
* * * * * *
Whether Reyes, supra, is still viable law, in light of the changes that have taken place since it [Fla.R.Crim.P. 3.172(a)] was decided, however, is of no consequences (sic), for in this case Respondent continued the hearing without inquiring into `the events out of which the homicide arose' 224 So.2d at 305 and the plea was not accepted in law or in fact. Hence, jeopardy did not attach by the tendering of said plea and the pending prosecution is not a violation of the double jeopardy provision of the State or Federal Constitutions."
We agree with appellee that under the holdings of the United States Supreme Court in Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971) and Lynch v. Overholser, 369 U.S. 705, 82 S.Ct. 1063, 8 L.Ed.2d 211 (1962) the rule is stated in the Santobello case:
"There is, of course, no absolute right to have a guilty plea accepted ... A court may reject a plea in exercise of sound judicial discretion."
We further agree with appellee that the acceptance of a plea being a discretionary act, mandamus will not lie to force appellee to accept the guilty plea tendered.
Accordingly, order to show cause is DISCHARGED and the petition DISMISSED.
BOYER, Acting C.J., and MILLS and BOOTH, JJ., concur.