PER CURIAM.
We find no merit in any of the contentions raised by plaintiff Nunzio Fa-zio in this appeal save one, namely, that the trial court, in effect, refused to exercise its discretion when ruling on appellant’s motion for new trial. At the hearing on the plaintiff’s motion for new trial, the trial court stated:
“THE COURT: You can amend, but I made it a policy that I don’t grant new trials unless something brand new has happened since the trial.
If you are going on the basis of what took place at the trial, I don ⅞ grant a new trial because I heard it, I ruled.
Anything you disagree with, take an appeal. No bad feelings about it at all.”
R. 225 (emphasis added).
Although a trial court has broad discretion to grant or deny a motion for new trial, see Cloud v. Fallís, 110 So.2d 669 (Fla.1959); Ford v. Robinson, 403 So.2d 1379 (Fla. 4th *845 DCA 1981); White v. Martinez, 359 So.2d 7 (Fla. 3d DCA 1978), it is plain that the court in no way exercises that discretion if, as here, it follows an invariable rule of always denying such motions if they involve matters which arose at trial. A litigant, such as the plaintiff herein, has a perfect right to file a motion for new trial and raise, as grounds, matters which arose at the trial — such as the standard ground, urged below, that the verdict is contrary to the manifest weight of the evidence. Nunberg v. Brodsky, 224 So.2d 727, 729 (Fla. 3d DCA 1969). A trial court must, in turn, give individual consideration to such a motion depending on the facts of the case and is not entitled, as here, to adopt a set policy of denying all such motions. A trial court is always required to exercise the discretion afforded it and since that discretion was not exercised in this case, the judgment must be reversed. Compare Quinones v. State, 448 So.2d 608 (Fla. 3d DCA 1984).
The final judgment under review is reversed and the cause is remanded to the trial court with directions to exercise its discretion in ruling on the plaintiffs motion for new trial. If the said motion is denied, the final judgment shall be re-entered; if the said motion is granted, a new trial shall be ordered.
Reversed and remanded.
SCHWARTZ, C.J., and HUBBART, J., concur.
HENDRY, J., dissents.