490 So.2d 94 (1986)
Darryl GLOSSON, Petitioner,
v.
The Honorable Harold SOLOMON, Judge of the Circuit Court for the Eleventh Judicial Circuit of Florida, in and for Dade County, Respondent.
No. 86-373.
District Court of Appeal of Florida, Third District.
February 21, 1986.
Paul Morris, Coral Gables, for petitioner.
Jim Smith, Atty. Gen., for respondent.
Before BARKDULL, DANIEL S. PEARSON and FERGUSON, JJ.
DANIEL S. PEARSON, Judge.
The petitioner, presently incarcerated in the Dade County Jail on a charge of violating probation, requests this court to issue a writ of mandamus[1] directing the *95 respondent judge to hear and consider the petitioner's claim that he should be released pending disposition of this charge with or without bail.[2] He claims, and we agree, that the trial judge's announced policy of never setting bail on a probation violation charge[3] is in derogation of Section 948.06(1), Florida Statutes (1985), which permits the trial court to commit one accused of violating the terms and conditions of a probation order "or release him with or without bail to await further hearing... ."
The statute in question, Section 948.06(1), has been interpreted as investing the trial court with the discretion to set bail for accused probation violators. See Bennington v. Thornton, 370 So.2d 856 (Fla. 4th DCA 1979). Where a court is given discretion to act on a matter, the refusal to exercise such discretion is error, see Fazio v. Russell Building Movers, Inc., 469 So.2d 844 (Fla. 3d DCA 1985) (reversing denial of motion for new trial where sole reason for denial was trial court's invariable policy of denying all such motions except when based on some post-trial occurrence; remanded with directions that trial court exercise discretion accorded it), which may be remedied by mandamus.
Accordingly, the trial court is directed to hear and consider the petitioner's claim that he be released with or without bail pending final disposition of the revocation of probation charge, or show cause to this court within five days why such relief should not be granted.
NOTES
[1] Alternatively, the petitioner seeks a writ of habeas corpus, but, as will be seen infra, we decide only that the trial judge must consider the claim for bail, not grant it.
[2] The petitioner is also charged with the substantive crime of vehicular manslaughter, upon which charge bail, originally set at $15,000, has been reduced to $6,000.
[3] The defendant's counsel informed the court that the statute:

"says that bond is a discretionary matter. We would ask the Court if it is going to deny bond, the Court has indicated it has a policy of not granting bond in these cases, I assume that's the policy in every case?"
The court replied:
"[y]es, it is."