PER CURIAM.
As an outgrowth of domestic litigation the trial court found that the appellant’s counsel had earned $20,155.00 but refused to require the appellee to pay same because of a present inability to do such. There is no question in this appeal as to reasonableness of the fee. We think the trial court erred in either not entering a final judgment for said amount in favor of the appellant,[1] and against the appellee, or in retaining jurisdiction to enforce said award against future earnings of the appellee. See Young, Stern & Tannenbaum, P.A. v. Ernst, 453 So.2d 99 (Fla. 3d DCA 1984); House v. House, 399 So.2d 1025 (Fla. 3d DCA 1981); Harder v. Harder, 331 So.2d 341 (Fla. 2d DCA 1976); Flipse v. Flipse, 305 So.2d 16 (Fla. 3d DCA 1975). Therefore we return the matter to the trial court for the purpose of making such disposition of the award.
Reversed and remanded with directions.

. This would put the appellant's attorney in the same position as the appellee’s attorney. The record reflects that he has brought an action to reduce his claim for attorney’s fees to judgment and in fact such a judgment has been entered for his fees.