COWART, Judge.
This is a proceeding for habeas corpus to secure post-trial release. A verdict of guilty was rendered against the petitioner who had been at large on bail prior to trial. The trial court did not adjudicate the petitioner guilty after the verdict was rendered, but directed that petitioner be taken into custody and committed to the proper official. The petitioner argues that under Article I, Section 14 of the Constitution of the State of Florida, he was entitled to release on reasonable bail until adjudicated guilty, citing Hancock v. State, 386 So.2d 613 (Fla. 5th DCA 1980). For the reasons stated below, we deny the writ.
The petitioner’s argument was correct prior to January 1, 1983, when Article I, Section 14 of the Florida Constitution was amended as a result of the November, 1982 general election.[1] The present provision relates only to pretrial release and detention. Under the current constitution, there is no right to bail after a verdict of guilty has been rendered. Under Florida Rule of Criminal Procedure 3.550, after a verdict of guilty is rendered and before final judgment is pronounced, the court has the power and discretion to place a defendant in custody. Until there exists a basis to appeal under section 924.06, Florida Statutes (1987) or Florida Rule of Appellate Procedure 9.140(b), there can be no appeal and a defendant is not entitled to post-trial release under either Florida Rule of Criminal Procedure 3.691(a) or Florida Rule of Appellate Procedure 9.140(e).
The petitioner has failed to show that the trial court abused its discretion in remanding him to custody at this stage of the criminal proceeding rather than continuing his bail.
WRIT DENIED.
DANIEL, C.J., and HARRIS, J., concur.

. Prior to January 1, 1983, Article I, Section 14 provided that "Until adjudicated guilty, every person charged with a crime ... shall be entitled to release on reasonable bail ...”