PER CURIAM.
Pursuant to Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), the trial court in this dissolution of marriage ease found that the reasonable fee for the legal services rendered on the wife’s behalf was $30,500. The husband ar-' gued he was financially unable to pay that amount. The trial court found the husband had the present ability to pay only $9,000. However, as between the two spouses, the court concluded that the husband was still in the better position to be financially responsible for the wife’s legal fees. Relying on Gallow v. Gallow, 497 So.2d 1288 (Fla.3d DCA 1986), the court ordered that the law firm of Young, Franklin, Berman & Karpf P.A., was entitled to a money final judgment against the husband for the whole amount owed. We affirm that determination, and note that on remand, as in Gallow, the trial court may consider retaining jurisdiction to enforce the final award against the husband’s future earnings.
The second district’s observations in Wrona v. Wrona, 592 So.2d 694 (Fla.2d DCA 1991), are especially worthy of reiteration in this case. All too often, the parties in domestic litigation forget that their actions have costs attached to them. Attorneys must be encouraged to explain at the start the probable costs of impending litigation and to clarify to the parties that “no matter who is ordered to pay the attorneys, the payments will reduce either marital assets or future earning capacity that may be needed to pay child support or alimony.” Id. at 697. All concerned should keep in mind that a primary purpose of Florida’s divorce law is “[t]o mitigate the potential harm to the spouses and their children caused by the process of legal dissolution of marriage.” § 61.001(2)(c), Fla.Stat. (1993).
We agree with the husband, however, that the trial court erred in awarding interest on the attorney’s fees. These expenses constitute litigation costs not subject to a grant of prejudgment interest. Williams v. Williams, 619 So.2d 972 (Fla.3d DCA 1993). Further, the erroneous award of post-judgment interest on the prejudgment interest must also be vacated. See Perez Sandoval v. Banco de Commercio, S.A, C.A., 582 So.2d 179 (Fla.3d DCA 1991); see also Central Constructors, Inc. v. Spectrum Contracting Co., 621 So.2d 526 (Fla. 4th DCA 1993).
Accordingly, the case is affirmed in part, reversed in part, and remanded for vacation of those portions of the final judgment as outlined herein.