658 So.2d 1038 (1995)
William R. RIGABAR, Petitioner,
v.
Hon. Virginia Gay BROOME, Judge of the Fifteenth Judicial Circuit, Respondent.
No. 95-0333.
District Court of Appeal of Florida, Fourth District.
April 5, 1995.
Opinion Denying Rehearing July 5, 1995.
*1039 Philip G. Butler, Jr., of Butler & Brown, P.A., West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for respondent.
FARMER, Judge.
The defendant in a criminal case petitions for an order directing the trial judge to accept his plea of guilty in spite of the judge's announced policy of categorically refusing to accept guilty pleas when they are made without an express admission of actual guilt. Florida Rule of Criminal Procedure 3.172 provides in relevant part:
"(a) Voluntariness; Factual Basis. Before accepting a plea of guilty or nolo contendere, the trial judge shall be satisfied that the plea is voluntarily entered and that there is a factual basis for it. Counsel for the prosecution and the defense shall assist the trial judge in this function."[1]
* * * * * *
"(d) Acknowledgement by Defendant. Before the trial judge accepts a guilty or nolo contendere plea, the judge must determine that the defendant either (1) acknowledges his * * * guilt or (2) acknowledges that he * * * feels the plea to be in his * * * best interest, while maintaining his * * * innocence."
Within this rule, he claims, lies a right to plead guilty in one's "best interest," while maintaining one's innocence.
Petitioner is charged with lewd assault[2] and attempting to commit a lewd act.[3] Respondent is the presiding judge in his case. After entering into a plea agreement with the prosecuting attorney, a plea hearing was held before respondent at which the following occurred:
"COURT: * * * Would you outline the plea agreement.
"PROSECUTOR: Before I do that, I would like to tell the Court the defendant in this case, with the State's consent, is entering a guilty best interest plea.
"COURT: I don't take best interest pleas.
"PROSECUTOR: I know that.
"[DEFENSE]: Judge, may I address the Court?

*1040 "COURT: Yes.
"[DEFENSE]: There is an HRS proceeding. This is not in the best interest of the  the victim in this case is the step granddaughter; she's in Tulsa, Oklahoma.
"COURT: I don't let anybody plead guilty to anything when they feel they're not guilty. So we need to set this for trial."
The plea being thus refused, defendant promptly filed this petition.
He begins by acknowledging that mandamus is not appropriate to compel the performance of a discretionary duty and that the trial court does have some discretion in accepting guilty pleas. He argues rather that a blanket refusal to accept a plea of guilty based not on an admission of guilt but on the best interest of the defendant is, effectually, the exercise of no discretion. It is instead the refusal to exercise discretion  which is, of course, one of the traditional occasions for the use of this writ. See, e.g., Moore v. Florida Parole and Probation Commission, 289 So.2d 719 (Fla. 1974), cert. denied, 417 U.S. 935, 94 S.Ct. 2649, 41 L.Ed.2d 239 (1974); Yepes v. Tobin, 531 So.2d 1067 (Fla.3d DCA 1988); Glosson v. Solomon, 490 So.2d 94 (Fla.3d DCA 1986); and Hamilton v. Davis, 427 So.2d 1137 (Fla. 5th DCA 1983), approved, 448 So.2d 1007 (Fla. 1984).
He also recognizes that there is no federal constitutional right to have the court accept a guilty plea merely because it is in the "best interests" of the defendant to do so. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); and Lynch v. Overholser, 369 U.S. 705, 82 S.Ct. 1063, 8 L.Ed.2d 211 (1962). As the Court explained in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), however:
"Our holding does not mean that a trial judge must accept every constitutionally valid guilty plea merely because a defendant wishes so to plead. A criminal defendant does not have an absolute right under the Constitution to have his guilty plea accepted by the court, see Lynch v. Overholser, 369 U.S. [705], at 719, 82 S.Ct. [1063], at 1072, 8 L.Ed.2d 211 (by implication), although the States may by statute or otherwise confer such a right. Likewise, the States may bar their courts from accepting guilty pleas from any defendants who assert their innocence. Cf. Fed. Rule Crim.Proc. 11, which gives a trial judge discretion to `refuse to accept a plea of guilty * * *.' We need not now delineate the scope of that discretion." [e.s.]
400 U.S. at 38 n. 11, 91 S.Ct. at 168.
Petitioner argues that Florida has conferred on him the right to plead guilty in his best interest, without admitting his guilt. The discretion reposed in the trial judge under rule 3.172 is to determine the elements of an acceptable guilty plea. The first element, as we have seen, is that the plea be knowing and voluntary. The second element is that there be a factual basis for it. Once the state agrees to the plea, and voluntariness and a factual basis have been made to appear, the defendant cannot be forced to go to trial anyway; the state cannot be forced to prove its charges in the way that would be necessary to sustain a verdict of guilty and incur the time and expenses attendant to that enterprise; and the witnesses need not undergo the rigors of live courtroom testimony. Everyone benefits from this disposition.[4]
The state opposes mandamus by contending that the acceptance of a guilty plea involves the exercise of discretion by the trial judge.[5] And it is certainly true that acceptance of a plea does indeed begin as a discretionary act. As we have seen from the rule, however, that discretion is hinged on express elements. Once those elements have been made to appear, however, and the state agrees to the plea, there is no residual discretion.
*1041 Discretion unrestrained by principle, by methodology and by standards is contrary to our rule of law. It would substitute rule by the whim of judges. Discretion exercised without guiding principles or standards is without rudder or anchor and is subject to prevailing tides and winds and little else. Judicial discretion exists not for its own sake but merely because it is impossible to set down a single rule to govern all procedural questions that arise in judicial proceedings.
No one suggests, for example, that all guilty pleas be automatically accepted, no matter the circumstances under which they arise. The reason against such a requirement is that sometimes pleas are involuntary, or arise from misapprehension or ignorance. No rule could be manageably drafted to describe those guilty pleas that should be accepted and those to be rejected. Discretion is given to enable the trial judge to exclude those pleas not founded on knowing, voluntary decisions by a defendant or those not accompanied by the requisite factual basis. Thus the purpose of this particular discretion is not to allow the judge to accept those pleas personally unobnoxious but rather to accept those that fit within rule 3.172's specifications.[6]
For these reasons, a judge cannot refuse a concession to a judgment of guilt merely because the trial judge does not like "best interest" pleas. There is no residuum of discretion to insist that a defendant make a public acknowledgement of actual guilt before a plea of guilty is legally acceptable. When the plea is knowing and voluntary, when there is a factual foundation to support it, when the state has agreed to it, then the discretion has ended and the plea must be accepted.
We return the case to the trial court for a determination of the necessary elements of an acceptable plea of guilt.
GUNTHER and STEVENSON, JJ., concur.

ON MOTION FOR REHEARING
FARMER, Judge.
The state's motion for rehearing raises arguments that require our attention.
The state contends that "best interests" guilty pleas are the functional equivalent of nolo contendere (no contest) pleas, as to which the court has the discretion to accept or reject. To the extent that this new argument is merely a rehash of previous arguments with new labels, we have already rejected it.
It is true that Florida Rule of Criminal Procedure 3.172 treats both guilty pleas and no contest pleas identically; i.e. as to either kind of plea the court must find that it is voluntary and that there is a factual basis for it. The requirements of rule 3.172 spring from our supreme court's decision in Reyes v. Kelly, 224 So.2d 303 (Fla. 1969), cert. denied, 397 U.S. 958, 90 S.Ct. 961, 25 L.Ed.2d 142 (1970), where Justice Drew wrote:
"A trial court has the undoubted power to reject a plea of guilty where the same is not `entirely voluntary by one competent to know the consequence,' or is `induced by fear, misapprehension, persuasion, promises, inadvertence, or ignorance,' and the trial court is allowed great latitude with respect to making this determination."
224 So.2d at 305. It is apparent that the "great latitude" relates to the court's determination of voluntariness and factual basis. There is nothing in the rule that gives trial judges the power to refuse guilty or no contest pleas simply because the trial judge doesn't like them.
In this case, the proffered plea is a guilty plea that the state does not oppose. The defendant wants to plead guilty without acknowledging his guilt, contending that his plea is knowing and voluntary, without condition or qualification. Although our original opinion did not expressly make clear that we were dealing only with an unconditional and unqualified plea of guilty, we do so now.
We did not intend that the holding in our opinion apply to negotiated pleas in which the state has agreed to a particular sentence *1042 or disposition of related charges or the like, or the defendant has agreed to express conditions or qualifications. Here the only "concession" by the state  and it amounts to no concession at all, if defendant has the right under rule 3.172 to plead without admitting guilt  was that it would not oppose the plea. Where there are concessions by the state or conditions binding the defendant, we agree that under Brown v. State, 367 So.2d 616 (Fla. 1979), the trial judge has discretion to find that the "bargain" of the parties is in some identifiable respect against the public interest and refuse the plea.
That is not the situation here, because the plea was without negotiation, condition or qualification; and the state had not agreed to drop any charges or recommend any sentence. The trial court has discretion to accept the plea only in the sense that it must find that the plea is voluntary and informed and that a factual basis exists to support it. That is our holding, and we see no reason to change it.
The state argues that our "opinion goes too far" by removing from trial judges the power to reject "best interests" pleas. But rule 3.172 has already done precisely that. The 1977 Committee Notes to the rule expressly provide that the rule was fashioned to "allow for pleas of convenience as provided in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)." If the rule was fashioned to allow defendants to plead guilty, voluntarily and knowingly with a factual basis, in their "best interests," it is hard to conceive what discretion remains to allow trial judges to refuse such a plea when made, as here, without opposition from the state and without conditions or qualifications.
The state argues that trial judges need such unfettered discretion because it is not a "legitimate concern" of the defendant to plead guilty without confessing guilt and that the victim's "right to closure"  a right to know that a perpetrator admitted guilt  in the interests of justice "must be balanced against a defendant's right to plead guilty without making an admission." While we have strong feelings of sympathy for the victims of crime, we do not understand the role of the criminal court judge, in accepting the kind of plea involved here, to be directed to that purpose. There are many competing interests set in motion by perpetrators of crime, many of which are beyond the competency of the judges to affect. In drafting rule 3.172, the primary intention is to allow such pleas as being in the interests of the system. Guilty pleas serve important societal interests too, even when made without an act of contrition. That the legitimate concerns of all the persons whose interests were affected by the crime have not been addressed by the rule or the plea is simply an acknowledgement of the poor power of the judicial branch of government to right every wrong, to cure every evil, to comfort every victim.
The state's motion for rehearing is denied.
GUNTHER, C.J., and STEVENSON, J., concur.
NOTES
[1] Subdivision (c) of rule 3.172 provides what amounts to a checklist of inquiries to guide the judge in assessing the voluntariness of the plea. These inquiries require the court to determine whether the defendant understands the nature of the charges against him and the penalties that must or could be imposed, his right to counsel, that he can plead not guilty and have a trial by jury with all that entails, that a plea of guilty or nolo contendere waives the right to trial as well as certain appellate rights and may subject him to deportation by the United States government, that if questioned by the court under oath at the plea hearing the answers given may be used in any later perjury prosecution, and finally that he understands the terms of the plea agreement.
[2] See § 800.04(1), Fla. Stat. (1993).
[3] See §§ 777.04(1) and 800.04(2), Fla. Stat. (1993).
[4] We note that, in this case, the plea agreement would avoid the necessity of requiring a young victim of sexual abuse to travel from far away Oklahoma and suffer through a testimonial experience.
[5] We cannot help noting the irony in the fact that the state's lawyer in the trial court agreed to the plea, but that its lawyer in this court opposes mandating the trial judge to consider accepting the plea after making the inquiries compelled by rule 3.172.
[6] We distinguish this case from State ex rel. Schieres v. Nimmons, 364 So.2d 1262 (Fla. 1st DCA 1978), where the plea was not agreeable to the prosecutor, who opposed it.