658 So.2d 1090 (1995)
Clover BOYKIN, Petitioner,
v.
Honorable Edward A. GARRISON, Circuit Court Judge of the Fifteenth Judicial Circuit of Florida, Respondent.
No. 95-0593.
District Court of Appeal of Florida, Fourth District.
July 12, 1995.
Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
Petitioner has filed a petition for writ of prohibition that fails to state a sufficient legal basis for disqualification of respondent. However, petitioner has demonstrated an entitlement to mandamus relief. We therefore treat the petition for writ of prohibition as a petition for writ of mandamus and grant the petition.
Respondent issued a signed memorandum stating in pertinent part:
Effective Tuesday, January 17, 1995, Judge Garrison will be taking over Criminal Division "W" from Judge Lupo. Judge Garrison will be reviewing various procedures prior to that changeover and expects that there will be some changes.
One change that is for sure is effective January 17, 1995 the following types of pleas will not be accepted in Division "W":
1. Negotiated disposition pleas (those pleas where a specific sentence bargain is contemplated).
2. Alford pleas.
3. No Contest pleas.
All parties who wish to take advantage of one of the above types of plea are encouraged to set those before January 13, 1995 before Judge Lupo.
We agree with petitioner that the effect of respondent's memorandum is an announcement by respondent that he will refuse to exercise his discretion in the stated matters. The law is well settled that a trial court must exercise its discretion where discretion has been provided; a refusal to so exercise is error and is subject to a mandamus remedy. Glosson v. Solomon, 490 So.2d 94 (Fla. 3d DCA 1986); accord Moore v. Florida Parole and Probation Commission, 289 So.2d 719 (Fla.), cert. denied, 417 U.S. 935, 94 S.Ct. 2649, 41 L.Ed.2d 239 (1974); Fazio v. Russell Building Movers, Inc., 469 So.2d 844 (Fla. 3d DCA 1985). The Florida Rules of Criminal Procedure and North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), expressly provide the trial court with the *1091 discretion to accept or reject negotiated, no contest and Alford, or so-called "best interest," pleas. See rules 3.170, 3.171 and 3.172, Fla.R.Crim.P. (1995); Rigabar v. Broome, 658 So.2d 1038 (Fla. 4th DCA 1995) (citing Brown v. State, 367 So.2d 616 (Fla. 1979), and explaining that the trial court has the discretion to reject a negotiated plea). The refusal to consider no contest and Alford pleas would be in direct contravention of this court's holding in Rigabar v. Broome, 658 So.2d 1038 (Fla. 4th DCA 1995), reh'g denied with opinion, No. 95-0333 (Fla. 4th DCA July 5, 1995). Therein this court stated that
a judge cannot refuse a concession to a judgment of guilt merely because the trial judge does not like "best interest" pleas. There is no residuum of discretion to insist that a defendant make a public acknowledgement of actual guilt before a plea of guilty is legally acceptable. When the plea is knowing and voluntary, when there is a factual foundation to support it, when the state has agreed to it, then the discretion has ended and the plea must be accepted.
At 1041. In Rigabar, No. 95-0333, this court also explained in its denial of rehearing that this principle applies with equal force to no contest pleas.
Accordingly, we grant the petition for writ of mandamus and direct the trial court to consider and to exercise its discretion regarding negotiated, no contest and Alford pleas consistent with the Florida Rules of Criminal Procedure and Rigabar.
PETITION GRANTED.
GUNTHER, C.J., and DELL and KLEIN, JJ., concur.