PER CURIAM.
We deny the petition for writ of habeas corpus, seeking review of the trial court’s order which revoked petitioner’s pretrial bail following a jury verdict of guilty.
Petitioner was arrested for driving under the influence of alcohol in violation of section 316.193(l)(a), and charged with a felony pursuant to section 316.193(2)(b), Florida Statutes (1995), which makes the offense a third degree felony when the conviction is the fourth or subsequent violation. The charging document listed three prior New Jersey convictions.
Upon the jury’s finding petitioner guilty of misdemeanor DUI, and prior to the presentation of proof of the priors necessary to adjudicate him guilty of felony DUI, petitioner’s pretrial release was revoked and he was remanded to the sheriffs custody. This court’s show cause order asked the state to address prior precedent that the right to pretrial release continues after jury verdict until adjudication, which was based on lan *1021 guage in the Florida Constitution which has since been deleted. Compare Andress v. Coleman, 320 So.2d 451 (Fla. 4th DCA) . (holding right to be released on bail continues after verdict until adjudication as before verdict), cert, dismissed, 320 So.2d 393 (Fla.1975), with Logan v. State, 555 So.2d 875 (Fla. 5th DCA 1989) (concluding defendant has no right to bail after guilty verdict and prior to adjudication). Both cases construed Florida Rule of Criminal Procedure 3.550, which permits the trial court, after a guilty verdict, either to take the defendant into custody or to allow the defendant to remain at liberty on the same or additional bail.
. The state in its response argues that this court should recede from Andress and follow Logan, in light of the change in the Florida Constitution, as of January 1, 1983, which deleted the language concerning right to bail “[ujntil adjudged guilty” and substituted language entitling certain persons to “pretrial release.” Art. I, § 14, Fla. Const.[1] Should this court not follow Logan, the state asks that it certify the conflict. The state also argues that the court did not abuse its discretion in refusing to continue petitioner’s original bond.
Petitioner points out in his reply that it is clear from the transcript that the trial court did not revoke his pretrial release pursuant to rule 3.131(f), Florida Rules of Criminal Procedure, which requires “good cause” for the revocation of pretrial bail; instead, petitioner was remanded as if convicted of a crime. He continues to take the position that he is “pretrial” as to the charged felony.
We conclude that petitioner is to be considered as one found guilty, agree with Logan and find that the constitutional amendment removed the reason for this court’s decision in Andress, from which we now recede.
•GUNTHER, C.J., and GLICKSTEIN, DELL, STONE, WARNER, POLEN, KLEIN, PARIENTE, STEVENSON, SHAHOOD and GROSS, JJ., concur.
FARMER, J., recused.

. Prior to its amendment in 1982, article I, section 14 of the Florida Constitution provided as follows:
Until adjudged guilty, every, person charged with a crime or violation of municipal or county ordinance shall be entitled to release on reasonable bail with sufficient surety unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great.
Effective January 1, 1983, the provision now reads:
Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.