STEVENSON, Judge.
Appellant was tried by jury and convicted of possession of cocaine with intent to sell and possession of a firearm by a con *353 victed felon. Appellant was sentenced to concurrent six-year terms of imprisonment. Appellant maintains that the trial court abused its discretion in failing to accept a “best interests” guilty plea prior to trial. We disagree and affirm.
Without setting forth the plea colloquy in its entirety, suffice it to say that the lower court believed that the State’s offered sentence of one year’s imprisonment with credit for time served was too lenient and, therefore, made its own offer — one year with no credit for time served. The defendant indicated his willingness to accept the court’s offer. When the defendant refused to admit his guilt, however, the trial court then refused to accept the plea despite counsel’s exhortation that the plea was to be a “best interests” plea. See Fla. R.Crim. P. 3.172(d).
We understand that a trial judge may not refuse to accept a guilty plea simply because the judge does not like best interests pleas and the defendant will not admit guilt. See Rigabar v. Broome, 658 So.2d 1038. (Fla. 4th DCA), review denied, 664 So.2d 248 (Fla.1995). However, in our view, the record supports the conclusion that appellant’s admission of guilt was a condition of the trial judge’s plea offer. The requirement that the defendant admit guilt is an allowable condition of a plea agreement. See id. at 1041 (emphasizing that the law announced was applicable to unconditional and unqualified guilty pleas). As soon as defense counsel indicated that his client would accept the court’s offer of one year with no credit for time served and enter a, “best interests” plea, the trial court indicated that there was no deal and that appellant would have to admit his guilt or go to trial. This supports our conclusion that the trial judge must have wanted appellant, for whatever reason, to concede his guilt as a condition of the agreement. When appellant refused to admit his guilt and insisted on making a “best interests” plea, there was no “acceptance” of the plea offer made by the trial judge, no “meeting of the minds,” and, hence, no binding plea agreement.
AFFIRMED.
POLEN and SHAHOOD, JJ„ concur.