PER CURIAM.
Appellant, Haim Gutkind, appeals from the trial court’s decision to seal his records instead of granting his petition to expunge his criminal history record under section 943.0585, Florida Statutes (1995). We reverse.
Any person who complies with the requirements of section 943.0585 may petition the court for the expunction of his/her criminal history record. However, “[t]his section does not confer any right to the expunction of any criminal history record, and any request for expunction of a criminal history record may be denied at the sole discretion of the court.” Id. (Emphasis added). It is error for the trial court to refuse or fail to exercise its discretion. See Boykin v. Garrison, 658 So.2d 1090 (Fla. 4th DCA 1995); Glosson v. Solomon, 490 So.2d 94 (Fla. 3d DCA 1986).
The record in this case indicates that the trial court did not exercise any discretion in deciding not to expunge appellant’s record. Therefore, we reverse and remand for the trial court to exercise its discretion as to whether appellant’s record should be expunged.
REVERSE AND REMAND.
FARMER, STEVENSON and HAZOURI, JJ., concur.