SCHWARTZ, Chief Judge.
While we have serious doubts about the trial judge’s apparently unwavering “policy” to bifurcate the issues of liability and damages in every case, see Glosson v. Solomon, 490 So.2d 94 (Fla. 3d DCA 1986)(error to refuse to exercise judicial discretion); Fazio v. Russell Bldg. Movers, Inc., 469 So.2d 844 (Fla. 3d DCA 1985)(same); see generally Maris Distributing Co. v. Anheuser-Busch, Inc., 710 So.2d 1022 (Fla. 1st DCA 1998)(bifurcation exception rather than rule), and cases cited; Bowen v. Manuel, 144 So.2d 341 (Fla. 2d DCA 1962)(same); Claughton v. Claughton, 393 So.2d 1061 (Fla.1980)(same, dissolution), the judgment for the defendant under review is nevertheless affirmed because the error, if any, in this regard had no practical effect other than the exclusion of evidence relating only to the appellant’s co-plaintiffs. That ruling, in turn, was both unobjected to below, see Diaz v. Rodriguez, 384 So.2d 906 (Fla. 3d DCA 1980), and entirely harmless. See Salzverg v. Salzverg, 696 So.2d 1278 (Fla. 3d DCA 1997); Dessanti v. Contreras, 695 So.2d 845 (Fla. 4th DCA 1997), review denied, 703 So.2d 475 (Fla.1997); 3 Fla. Jur.2d Appellate Review §§ 299,383 (1997).
Affirmed.