SCHWARTZ, Chief Judge.
The issues raised on this appeal by the plaintiff from an allegedly insufficient judgment in a personal injury action all stem from the fact that, in accordance with the trial judge’s apparently unwavering personal policy to do so in every case, the issues of Lability and damages were bifurcated for trial. As in Casabona v. SCI Funeral Servs., Inc., 802 So.2d 1151 (Fla. 3d DCA 2001), however, the application of this rule, as highly dubious as it certainly is, did not result in any cognizable harm to the plaintiff-appellant.[1] Since this is true, *721 and even though the effect may well be that a bifurcation order in itself — like one as to how long to break for lunch during trial — is entirely discretionary and thus essentially unreviewable,[2] we cannot reverse on this ground. Casabona, 802 So.2d at 1151; Salzverg v. Salzverg, 696 So.2d 1278 (Fla. 3d DCA 1997); § 59.041, Fla. Stat. (2001)(harmless error).
Affirmed.

. Indeed, the primary subcomplaint, that the issues were determined by essentially the same jury sitting in mini trials held several months apart, does not even present error. See 9 C. Wright & A. Miller, Federal Practice and Procedure § 2391 (1995)(‘‘There is no constitutional problem in ordering separate trials of issues, with the same jury to sit in each trial. It seems to be accepted that the better and preferred practice is to use the same jury for all of the issues in an action, *721 even though it may hear the issues at different times.”).

. Or unreviewable and thus entirely discretionary. See State v. Jordan, 783 So.2d 1179, 1183 n. 1 (Fla. 3d DCA 2001)(Schwartz, C.J., specially concurring).