PER CURIAM.
We grant Andreno Lamour’s petition for a writ of mandamus and direct the trial court to accept his no contest plea, which reserves the right to appeal the denial of his motion to suppress.
Lamour was arrested and charged with possession of cocaine. He moved to suppress the cocaine, arguing that police lacked reasonable suspicion to stop him. The parties stipulated that the issue of the legality of the stop was dispositive. The trial judge denied the motion to suppress but “absolutely” agreed that the legality of the stop was dispositive.
Lamour sought to enter an open, no contest plea to the court, while reserving his right to appeal the denial of his motion to suppress. The State did not object. The trial court refused to accept the plea, *1257 stating that Lamour “has to either give up his right to appeal or not.” The court then scheduled the case for trial.
In Rigabar v. Broome, 658 So.2d 1038 (Fla. 4th DCA 1995), this court granted a writ of mandamus, compelling a trial court to accept an unconditional, “best interest” guilty plea. There, we held the discretion provided by Florida Rule of Criminal Procedure 3.172, governing the acceptance of guilty or nolo contendere pleas, hinges on express elements and, once those elements are satisfied, no residual discretion remains and the judge must accept the guilty plea. See id. at 1040. “When the plea is knowing and voluntary, when there is a factual foundation to support it, when the state has agreed to it, then the discretion has ended and the plea must be accepted.” Id. at 1041. We noted, however, that this rule applied only to “unconditional and unqualified” guilty pleas, not to negotiated pleas where the State has agreed to a particular sentence or to the disposition of particular charges, or where the State opposes the plea. Id. at 1041-42 (on motion for rehearing).
Florida Rule of Appellate Procedure 9.140(b)(2)(A)(i) provides: “A defendant who pleads guilty or nolo contendere may expressly reserve the right to appeal a prior dispositive order of the lower tribunal, identifying with particularity the point of law being reserved.” See State v. Ashby, 245 So.2d 225 (Fla.1971) (holding that a defendant in a criminal case might plead no contest conditioned on the right to preserve for appellate review a question of law). A trial judge has wide discretion to refuse or accept an Ashby plea depending on the trial judge’s perception of whether the issue to be reserved is dispositive of the case. See Brown v. State, 376 So.2d 382, 385 (Fla.1979).
Lamour identified the particular issue he sought to reserve, which the court and parties agreed was dispositive of the case, i.e., regardless of the result of the appeal, no trial would be necessary. See Vaughn v. State, 711 So.2d 64, 65 (Fla. 1st DCA 1998).
As in Rigabar, once the factors set out in Rule 3.172 were satisfied and a stipulation and court finding were made that the issue to be reserved for appeal was dispos-itive, the trial court’s discretion was at an end and the court was required to accept the plea. We are confident that issuance of a formal writ will not be necessary.
FARMER, C.J., STEVENSON and GROSS, JJ., concur.