# Third District Court of Appeal

## State of Florida

Opinion filed July 30, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-609
Lower Tribunal No. 14-4513
_____

**Nelson Santoni,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Mandamus.

Carlos J. Martinez, Public Defender, and Manuel Alvarez, Assistant Public Defender, for petitioner.

Pamela Jo Bondi, Attorney General, and Douglas J. Glaid, Senior Assistant Attorney General, for respondent.

Before SUAREZ, LAGOA, and LOGUE, JJ.

LOGUE, J.

Nelson Santoni petitions for a writ of mandamus directing the trial court to accept his guilty plea to second-degree murder. We deny the petition.

The State, by information, charged Santoni with second-degree murder. At the arraignment on the charge, the State informed the trial court that it was seeking a grand jury indictment on first-degree murder, which, unlike second-degree murder, carries as its maximum penalty the sentence of death.[1] Defense counsel immediately announced Santoni's unconditional offer to plead guilty to second-degree murder. The State objected to the plea due, in part, to the constitutional right of the homicide victim's next of kin to be present at crucial stages of criminal proceedings. After hearing arguments of counsel, the trial court declined to consider the guilty plea at that hearing. This petition followed.

"In order to be entitled to a writ of mandamus the petitioner must have a clear legal right to the requested relief, the respondent must have an indisputable legal duty to perform the requested action, and the petitioner must have no other adequate remedy available." Huffman v. State, 813 So. 2d 10, 11 (Fla. 2000). The issue in this case is whether the trial court had the discretion to postpone consideration of Santoni's request to plead guilty. We hold the trial court has such discretion.

---

[1] In Florida, first-degree murder must be prosecuted by grand jury indictment. Fla. R. Crim. P. 3.140(1).

Florida Rule of Criminal Procedure 3.160 recognizes the trial court's discretion in determining when to consider and accept a plea. It provides:

> If a person who has been indicted or informed against for an offense, but who has not been arraigned, desires to plead guilty thereto, the person may so inform the court having jurisdiction of the offense, and <u>the court shall</u>, <u>as soon as convenient</u>, arraign the defendant and <u>permit the defendant to plead guilty</u> to the indictment or information.

Fla. R. Crim. P. 3.160(c) (emphasis added). The phrase "as soon as convenient" grants the trial court a modicum of discretion in deciding when to schedule a plea hearing.

This makes sense. Before accepting a guilty plea, the trial court "shall determine that the plea is voluntarily entered and that a factual basis for the plea exists." Fla. R. Crim. P. 3.172(a). Such an inquiry, which requires the participation of the prosecution and defense, does not permit a defendant to unilaterally dictate when the trial court can accept a plea. For example, before accepting a guilty plea, the trial court may order the defendant to undergo psychological evaluations to determine whether he or she is entering the plea voluntarily. Or, the prosecutor present at the arraignment may be too unfamiliar with the case to provide a factual basis for the plea at that time.

Moreover, Florida's constitution protects the right of homicide victim's next of kin to attend crucial stages of criminal proceedings to the extent the right does not interfere with the constitutional rights of the accused. Art. I, § 16(b), Fla.

3

Const. The trial court's responsibility to ensure that the victim's rights are properly accommodated also cuts against the claim that a defendant may unilaterally dictate the timing of a plea hearing. The scheduling of such a deliberative process is far from the type of ministerial act that can be compelled by issuance of a writ of mandamus.

As Santoni himself concedes, there is no federal constitutional right to have a trial court accept a guilty plea, much less one that controls the timing of the plea hearing. See Santobello v. New York, 404 U.S. 257, 262 (1971) ("There is, of course, no absolute right to have a guilty plea accepted."); North Carolina v. Alford, 400 U.S. 25, 38 n.11 (1970) ("A criminal defendant does not have an absolute right under the Constitution to have his guilty plea accepted by the court, although the States may by statute or otherwise confer such a right.") (internal citation omitted). Florida also has not conferred such a categorical right. See Rigabar v. Broome, 658 So. 2d 1038, 1040 (Fla. 4th DCA 1995).[2]

The State, relying on State ex rel. Schieres v. Nimmons, 364 So. 2d 1262 (Fla. 1st DCA 1978), further argues that a trial court may reject an unconditional offer to plead guilty to second-degree murder if the plea is a tactical maneuver

---

[2] We do not reach the issue of whether the trial court had discretion to reject the plea if the requirements of rule 3.172 had been met. We note only that the Fourth District, in granting a mandamus petition, held a trial court must accept an unconditional guilty plea where it is (1) knowingly and voluntarily offered, (2) supported by a factual basis, and (3) agreed to by the State. Rigabar, 658 So. 2d at 1040.

designed to avoid a grand jury's indictment for first-degree murder. We do not reach that issue. We simply hold that a trial court has the discretion to decide when to hold a plea hearing. Because the timing decision lies within the sound discretion of the trial court, mandamus is not available to control the scheduling of the hearing. See Mathews v. Crews, 132 So. 3d 776, 778 (Fla. 2014) ("It is well-settled that mandamus is neither the appropriate vehicle to seek review of an allegedly erroneous decision by another court, nor is it the proper vehicle to mandate the doing or undoing of a discretionary act.").

Petition denied.