DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STEPHANIE KRAFT,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D14-4782

[February 11, 2015]

Petition for writ of mandamus to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Matthew I. Destry, Judge; L.T. Case No. 10-017714 CF10B.

Kenneth D. Padowitz of Kenneth D. Padowitz, P.A., Fort Lauderdale, for petitioner.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for respondent.

PER CURIAM.

We previously treated the petition for writ of habeas corpus filed in this case as a petition for writ of mandamus and granted relief. This opinion explaining our reasoning follows.

Petitioner Stephanie Kraft was convicted after jury trial of one count of official misconduct, a third-degree felony. She was acquitted of three other counts, two of which were second-degree felonies. Immediately upon conviction, the judge ordered petitioner taken into custody. Petitioner, who had previously been on pretrial release on $1000 bail for this count (and a total bail of $6500 for all four counts), has no prior criminal history and scored 22 points on her Criminal Punishment Code scoresheet, making the minimum permissible sentence "any nonstate prison sanction." Fla. R. Crim. P. 3.704(25).[1] Petitioner was not facing

---

[1] For offenses committed on or after July 1, 2009, section 775.082(10), Florida Statutes, would require the court to impose a nonstate prison sanction in this

any mandatory, minimum sentence. No evidence was presented that petitioner, a nonviolent offender, posed any risk of flight or any danger to the community. The defense proffered evidence of petitioner's extensive ties to the community.

The court refused to consider petitioner's request to be released on bond pending sentencing. At a hearing on a defense motion requesting bond pending sentencing and bond pending appeal, the court indicated that it would not consider "supersedeas bond" because petitioner had not been sentenced. The defense explained that petitioner's mother was in hospice care suffering from terminal cancer. The defense proffered letters to support petitioner's extensive ties to the community including a letter from a state senator and twenty-five supporters who were in the courtroom. Defense counsel argued that petitioner had debatable grounds for appeal. The court maintained that this was "not a Motion for Supersedeas bond" and "we're not there yet." The court refused to consider release on bond until the sentencing. The defense requested that the court explain its reasoning on the record, but the court declined to do so. According to petitioner, the judge did not enter a written order explaining the refusal.

Petitioner filed a petition for writ of habeas corpus in this Court. In response to our order to show cause, the State argued that petitioner was not entitled to bond because her case was no longer in a pretrial posture. The State noted that, to accommodate petitioner, the trial judge had moved up the sentencing date. We treated the petition as seeking a writ of mandamus and granted relief by order explaining that a full opinion would follow.

The issue of petitioner's detention may now be moot, but we retain jurisdiction because the issue "is capable of repetition yet evading review." *Johnson v. State*, 60 So. 3d 1045, 1049 (Fla. 2011) (quoting *State v. Matthews*, 891 So. 2d 479, 484 (Fla. 2004)).

The State is correct in its argument that there is no constitutional "right to bail after a verdict of guilty has been rendered." *Logan v. State*, 555 So. 2d 875, 876 (Fla. 5th DCA 1989). Additionally, the trial judge was correct in finding that defense counsel's request for bond pending appeal was premature. To be entitled to post-trial release pending appeal of a felony conviction, a defendant who otherwise qualifies must establish that "the appeal is taken in good faith, on grounds fairly

situation unless the court made written findings that a nonstate prison sanction would present a danger to the public.

debatable, and not frivolous." Fla. R. Crim. P. 3.691(a); *see also Younghans v. State*, 90 So. 2d 308 (Fla. 1956) (setting forth factors a judge might consider in determining whether a defendant should be imprisoned during the pendency of an appeal). Pursuant to the rules, a defendant cannot be released from custody on bond pending appeal until a notice of appeal is filed. Fla. R. App. P. 9.140(h)(1).

However, a trial court has discretion to consider releasing a defendant on bail following conviction and pending sentencing. Fla. R. Crim. P. 3.550 ("If the defendant is at large on bail, the defendant may be taken into custody and committed to the proper official or *remain at liberty on the same or additional bail as the court may direct.*") (emphasis added); *see also Harbaugh v. Cochran*, 688 So. 2d 1020, 1021 (Fla. 4th DCA 1997) (*en banc*). After conviction, release on bond pending sentencing is not a matter of right but is discretionary with the court. *Younghans*, 90 So. 2d at 309.

A court's ability to consider release pending sentencing is particularly appropriate where a defendant was previously on pretrial release, presents no risk of flight or danger to the community, and where the defendant is not facing any mandatory prison term. A court has discretion to grant a furlough pending sentencing, and likewise, the court continues to have discretion to consider release on reasonable conditions pending a sentencing hearing.

Here, the court appears to have refused to exercise its discretion to consider release on bond pending sentencing. The court provided no reasoning and did not render a written order on the defendant's motions.

Mandamus is an appropriate remedy to compel a public official to exercise discretion with which he or she is vested although it generally cannot be used to compel an official to act only in a certain manner. *Hunter v. Solomon,* 75 So. 2d 803, 806 (Fla. 1954); *State ex rel. Allen v. Rose,* 167 So. 21, 23 (Fla. 1936) ("[M]andamus may be invoked to compel the exercise of discretion, [but] it cannot compel such discretion to be exercised in any particular way."). "The law is well settled that a trial court must exercise its discretion where discretion has been provided; a refusal to so exercise is error and is subject to a mandamus remedy." *Boykin v. Garrison,* 658 So. 2d 1090, 1090 (Fla. 4th DCA 1995).

If the record was clear that the judge had silently exercised such discretion, we would find that action arbitrary and capricious under the circumstances of this case. *See Booker v. State,* 514 So. 2d 1079, 1084-

85 (Fla. 1987) (citing *Canakaris v. Canakaris*, 382 So. 2d 1197 (Fla. 1980)).

Accordingly, we granted mandamus relief to compel the trial court to exercise its discretion to consider release pending sentencing.

*Petition granted.*

Warner, Stevenson, and CIKLIN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***