# Third District Court of Appeal

## State of Florida

Opinion filed March 8, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-177
Lower Tribunal No. 99-15258
_____

**Alvaro Martinez, Jr., M.D.,**
Appellant,

vs.

**Gia M. Martinez, et al.,**
Appellees.

An appeal from the Circuit Court for Miami-Dade County, Stacy D. Glick, Judge.

Barry S. Franklin & Associates, P.A., and Barry S. Franklin, for appellant.

Lorium, PLLC, and Joe M. Grant (Boca Raton), for appellee Gia M. Martinez.

Before EMAS, HENDON and BOKOR, JJ.

EMAS, J.

**INTRODUCTION**

Dr. Alvaro Martinez, Jr. (Former Husband) petitions for a writ of mandamus compelling the trial court to conduct an evidentiary hearing on his motion for contempt against his former wife, Gia Martinez (Former Wife), based on her failure to pay attorney's fees imposed upon her as a sanction and awarded to Former Husband during post-dissolution litigation. We treat this as an appeal from a final post-judgment order denying Former Husband's motion for contempt[1] and, for the reasons that follow, we reverse

---

[1] The order denied the motion for contempt without prejudice. We recognize that, as a general rule, an order denying a motion "without prejudice" will be treated as nonfinal. However, the use of such language is not always dispositive of the final or nonfinal nature of the order. For example, if a dismissal order is entered "without prejudice" but it is clear from the context of the record that the plaintiff's right to pursue the case requires the filing of a new lawsuit, the order is treated as final. See U.S. Bank Nat'l Ass'n v. Rodriguez, 206 So. 3d 734 (Fla. 3d DCA 2016); Fed. Nat'l Mortg. Ass'n v. Wild, 164 So.3d 94, 95 (Fla. 3d DCA 2015).

In the instant case, the order on appeal was entered in a post-judgment proceeding and involves a request to enforce by contempt the opposing party's refusal to comply with the court's previous final orders awarding attorney's fees. The order's use of "without prejudice" language in denying the motion for contempt was mere surplusage in this situation, because the effect of the court's order was to end all judicial labor. It was therefore a final, appealable order. See Clearwater Fed. Sav. & Loan Ass'n v. Sampson, 336 So. 2d 78, 79 (Fla. 1976) (holding: "Where an order after judgment is dispositive of any question, it becomes a final post decretal order"); Nat'l Equity Recovery Servs, Inc. v. Williams, 962 So. 2d 977, 978 n. 1 (Fla. 3d DCA 2007) (treating petition for writ of certiorari from post-judgment disbursement order as a plenary appeal because it ended judicial labor on that portion of the case after judgment).

2

the order denying the motion for contempt and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

Former Husband and Former Wife were divorced in 2000 and had one minor child together. Former Husband was awarded primary residential custody and Former Wife was ordered to pay child support. Multiple post-dissolution disputes arose between the parties, related to parental responsibility and decision-making, timesharing, and Former Wife's failure to pay child support. Sanctions orders were entered against Former Wife, eventually resulting in the entry of two money judgments against her, awarding Former Husband attorney's fees and costs.[2]

In both orders, the trial court expressly reserved jurisdiction to determine how much of the amounts awarded would be subject to the court's contempt power, citing to Cole v. Cole, 648 So. 2d 252 (Fla. 3d DCA 1994). The orders also indicated that an evidentiary hearing would be scheduled in the future to make such a determination. Initially, the trial court garnished Former Wife's wages with her employer (Golisting.com, Inc. d/b/a Palm

---

[2] Hereinafter referred to as the "May 10 order" and the "October 15 order."

Beach Premier Real Estate), but later dissolved the writ of garnishment upon a motion filed by the employer.[3]

Former Husband later filed a motion for contempt against Former Wife, requesting that the court hold her in civil contempt for her failure to pay the attorney's fees awarded as a sanction in the May 10 and October 15 orders. Former Wife argued that contempt was not an available remedy because the orders were not in the nature of support or alimony, ostensibly relying for this proposition upon this court's opinion in the earlier writ of garnishment appeal. At the hearing, the trial court expressed its uncertainty based upon the prior appeal. As a result, the trial court declined to hold the evidentiary hearing scheduled for that day on Former Husband's motion for contempt, denying the motion "without prejudice," explaining that it was soliciting this court's guidance on the issue.

**ANALYSIS AND DISCUSSION**

Although the trial court's order indicates it "denied" Former Husband's motion, this is not quite accurate. By its oral pronouncement, the trial court declined altogether to hear the motion, determining (based upon arguments

---

[3] This court affirmed the order dissolving the writ of garnishment in Martinez v. Golisting.com, Inc., 233 So. 3d 1190 (Fla. 3d DCA 2017), holding that a continuing writ of garnishment under section 61.12(2), Fla. Stat. (2017) was not available as a remedy to collect a final judgment for attorney's fees.

made by counsel for Former Wife) it did not have the authority to proceed with a contempt hearing.  While we ordinarily review a trial court's ruling on a motion for contempt under an abuse of discretion standard,  Michaels v. Loftus, 139 So. 3d 324 (Fla. 3d DCA 2014), where the issue on appeal is legal error (such as the scope of the trial court's authority), or where the trial court declines or fails to exercise its discretion under a misapprehension of the scope of its authority, our review is de novo.  J.A. v. Housel, 271 So. 3d 54 (Fla. 3d DCA 2019).

Here, the trial court declined to hold a contempt hearing or otherwise address or adjudicate the merits of Former Husband's motion seeking contempt sanctions against Former Wife for failure to comply with the court's prior sanctions orders.  We hold, under the circumstances, the trial court's failure to exercise its discretion constitutes reversible error.  Glosson v. Solomon, 490 So. 2d 94, 95 (Fla. 3d DCA 1986)  ("Where a court is given discretion to act on a matter, the refusal to exercise such discretion is error") (citing Fazio v. Russell Bldg. Movers, Inc., 469 So. 2d 844 (Fla. 3d DCA 1985)).

Without belaboring the issue, Florida law is clear that the trial court had the authority to address the merits of Former Husband's motion and, if appropriate, exercise its broad discretion and contempt power as necessary

5

to enforce its two prior orders awarding attorney's fees.  Those attorney's fees were awarded by the trial court as sanctions for Former Wife's conduct in post-dissolution proceedings involving timesharing, parental responsibility and decision-making, as well as her failure to pay child support.  See Fishman v. Fishman, 656 So. 2d 1250, 1252 (Fla. 1995) (holding a trial court's contempt power may be used to enforce the payment of attorney's frees directed to be paid by one former spouse to the other for fees incurred by the latter in enforcing visitation rights with the child).  See also Huber v. Disaster Solutions, LLC, 180 So. 3d 1145 (Fla. 4th DCA 2015); Wertkin v. Wertkin, 763 So. 2d 465, 466 (Fla. 4th DCA 2000).

Contrary to the arguments made by counsel for Former Wife, premised upon a strained reading of this court's opinion in Martinez v. Golisting.com, Inc., 233 So. 3d 1190 (Fla. 3d DCA 2017), the trial court did have the authority to proceed with the evidentiary hearing and to address the merits of Former Husband's motion for contempt.[4]  In addition, we note the law is

---

[4] Lest there be any further confusion on remand, this court's opinion in the prior writ of garnishment appeal was limited to its facts and has no application to this appeal or the motion for contempt below.  Even a cursory reading of the opinion reveals that our holding involved the construction of the continuing writ of garnishment statute (section 61.12(2), Florida Statutes), which must be strictly construed.  Nowhere does the opinion stand for the proposition relied upon by counsel for Former Wife, and we note that counsel abandoned that position during oral argument in this appeal.

clear that prior to the entry of a contempt order, the court must conduct an evidentiary hearing.  See Leo v. Leo, 79 So. 3d 188 (Fla. 4th DCA 2012).[5]

**CONCLUSION**

We therefore reverse the order denying Former Husband's motion for contempt, and remand for further proceedings consistent with this opinion. We deny Former Wife's motion for appellate attorney's fees.  We grant Former Husband's motion for appellate attorney's fees and remand to the trial court to fix amount.

---

[5] We express no opinion on the merits of Former Husband's motion.

7